IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM DAVID SEAL**                                                                       **PLAINTIFF**

**VERSUS**                                            **CAUSE NO.1:08cv175LG-RHW**

**HARRISON COUNTY, MISSISSIPPI,
BY AND THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,**
in his official and individual capacity;
**DIRECTOR OF OPERATIONS MAJOR WAYNE PAYNE,**
in his official and individual capacity;
**DIRECTOR OF CORRECTIONS MAJOR DIANE GASTON RILEY,**
in her official and individual capacity; **DIRECTOR
OF PROFESSIONAL STANDARDS/
INTERNAL AFFAIRS, CAPTAIN STEVE CAMPBELL,**
in his official and individual capacity;
**SUPERVISOR OF BOOKING CAPTAIN RICK GASTON,**
in his official and individual capacity; **CORRECTIONS OFFICER
SERGEANT RYAN TEEL, in his official and individual capacity;
CORRECTIONS OFFICER PRESTON WILLS, in his official
and individual capacity; CORRECTIONS OFFICERS JOHN
DOE 1-2 in their official and individual capacity;
AMERICAN CORRECTIONS ASSOCIATION and its
EXECUTIVE DIRECTOR JAMES A. GONDLES, JR. and
employee(s) JOHN AND/OR JANE DOE 1-3;
HEALTH ASSURANCE,LLC and its employee
JOHN AND/OR JANE DOE 1-2**                                    **DEFENDANTS**

### ANSWER OF HARRISON COUNTY TO FIRST AMENDED COMPLAINT

COMES NOW Harrison County, Mississippi, through its duly constituted and elected Board of Supervisors (hereafter "Harrison County") through its attorney of record, and files this its separate Answer to the First Amended Complaint presented against it, and shows the following:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which this Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant Harrison County, acting through its Board of Supervisors, is exempt as a

governmental entity and its employees pursuant to Miss. Code Annotated §11-46-9, et. seq., specifically sections 1(b), (c), (d), (e), (f), (g), (m), (r), and (v).

### THIRD AFFIRMATIVE DEFENSE

Harrison County claims sovereign immunity from for any damages by Plaintiff, as made and provided in Miss. Code Annotated §11-46-1, et. seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice of his claim pursuant to Miss. Code Annotated §11-46-11, et. seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to the exclusive remedy provisions of §11-46-7 of the 1972 Miss. Code Annotated. (Supp. 1996).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred pursuant to the statute of limitations set forth in §11-46-11 of the 1972 Miss. Code Annotated (Supp. 1996), and any other pertinent statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by this Defendant. The Defendants neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

All claims are barred by the applicable state and federal statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages against this Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff, the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover damages under 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988 against Harrison County under the Doctrine of Respondeat Superior.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant raises the defenses of contributory or comparative negligence, lack of privity of contract, or any duty owed to Plaintiff by Harrison County.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow the proper administrative procedures at the Harrison County Adult Detention Center (HCADC) prior to filing his lawsuit.

### FIFTEENTH AFFIRMATIVE DEFENSE

There can be no liability against Harrison County under the doctrine of respondeat superior pursuant to 42 U.S.C. § 1983.

**PRELIMINARY STATEMENT OF CLAIM**

1. Harrison County admits this Court has jurisdiction of this case and that is brought pursuant to 42 USC § 1983, 42 USC § 1985, and 42 USC § 1988. The remaining allegations of Paragraph Number 1 are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

## JURISDICTION OF THE COURT

9. Harrison County admits this Court has jurisdiction to hear these claims. The remaining allegations of Paragraph 9 are denied.

## VENUE

10. Admitted.

## PARTIES TO THE LAWSUIT

### PLAINTIFF

11. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

### DEFENDANTS

12. Harrison County admits it acts through its Board of Supervisors and is a political subdivision of the State of Mississippi. The remaining allegations of Paragraph 12 are denied.

13. Harrison County admits George Payne was the duly elected Sheriff of Harrison County, Mississippi and is an adult resident citizen of Harrison County, Mississippi. Harrison County admits that Sheriff Payne was vested with the final decision making authority and responsibility to hire, train, supervise, set policies and determine procedures, enforce policies and procedures, delegate authority and generally oversees and supervises the daily operations of the Harrison County Sheriff's Department and all of its divisions, departments and personnel, including the Harrison County Adult Detention Center (HCADC). The remaining allegations of Paragraph 13 are denied.

14. Harrison County admits Thomas Preston Wills was a Corrections Officer in the Booking Department at the HCADC. The remaining allegations of Paragraph 14 are denied.

15. Harrison County admits Ryan Teel was a Corrections Officer working in the Booking Department employed with the Harrison County Sheriff's Department. The remaining allegations of Paragraph 15 are denied.

16. Harrison County admits Morgan Thompson was a Corrections Officer of the Booking Department employed with the Harrison County Sheriff's Department. The remaining allegations of Paragraph 16 are denied.

### STATEMENT OF THE CASE

### VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED PRE-TRIAL DETAINEE WILLIAM DAVID SEAL RESULTING IN SERIOUS INJURY BY CORRECTIONS OFFICERS AND MEDICAL STAFF ACTING UNDER COLOR OF STATE LAW

17. Harrison County admits this is Federal Civil Lawsuit brought under 42 USC § 1983, 42 USC § 1985, and 42 USC § 1988. The remaining allegations of Paragraph 17 are denied.

18. Denied.

19. Denied.

### INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE

20. Denied.

21. Denied.

22. Denied.

### SEAL ASSAULTED AND INJURED

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Each and every allegation in Paragraph 35 of the First Amended Complaint are denied, including Paragraphs A. through F.

36. Denied.

**DELIBERATE INDIFFERENCE TO SERIOUS
MEDICAL NEEDS FOR SUBSTANTIAL INJURIES
SUSTAINED BY SEAL FROM BRUTAL BEATING IN BOOKING**

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**CONSPIRACY TO COVER UP BEATING(S) BY CORRECTIONAL OFFICERS**

43.    Denied.

44.     Denied.

45.    Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### HABIT, PATTERN, CUSTOM OR POLICY

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### FURTHER EVIDENCE AND DOCUMENTATION OF OFFICIAL RECORD

59. Denied.

60. Denied.

### PERSISTENT AND WIDESPREAD PRACTICES OF INJURIOUS ABUSE AND USE OF EXCESSIVE FORCE ON PRE-TRIAL DETAINEES THAT "SHOCK THE CONSCIENCE"

### WELCOME TO THE HOUSE OF PAYNE

61. Denied.

62. Denied.

-7-

63. Denied.

64. Denied.

### "THUMPING" ARRIVING ARRESTEES

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

### ARRIVING ARRESTEES WHO WERE CONSIDERED VERBALLY AGGRESSIVE WERE RESPONDED TO WITH EXCESSIVE AND UNJUSTIFIED USE OF UNNECESSARY FORCE

71. Denied.

72. Denied.

73. Denied.

74. Denied.

### THEME NIGHTS IN BOOKING

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

### THE FLOOR SHOWS

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

### THE SLEEPER GAME

85. Denied.

86. Denied.

87. Denied.

88. Denied.

### THE NO HABLOES

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### THE SHOWER

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

### SPRAY THE BITCH

104. Denied.

105. Denied.

106. Denied.

107. Denied.

### USE YOUR WHOLE BODY TO MAKE ME FEEL GOOD

108. Denied.

109 Denied.

110. Denied.

111. Denied.

112. Denied.

### YARD CALLS

113. Denied.

114. Denied.

115. Denied.

116. Denied.

### FAILURE TO PROPERLY TRAIN AND SUPERVISE

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## SPECIFIC STATEMENT OF THE FACTS

## ARREST AND DETENTION OF SEAL

127. Denied.

128. Denied.

## SEAL ASSAULTED AND INJURED

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

## SEAL DENIED NEEDED MEDICAL ATTENTION

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## SEAL HELD UNTIL SEPTEMBER 6 AND THEN RELEASED

147. Denied.

148. Denied.

## SEAL'S PERMANENT INJURIES AND DAMAGES

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

## CONCLUSION

162. Harrison County denies each and every allegation in the general "CONCLUSION" clause of the Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

163. Harrison County denies each and every allegation in the general "WHEREFORE PREMISES" clause of the Complaint, including sub-paragraphs 1 through 3, and denies Plaintiff

is entitled to any damages whatsoever.

WHEREFORE, Defendant Harrison County files this its separate Answer to the Complaint presented against it and upon final hearing moves that same be dismissed along with your Defendant with its costs being assessed against Plaintiff.

RESPECTFULLY SUBMITTED, this the 18TH day of March, 2009.

        HARRISON COUNTY, MISSISSIPPI
        through its duly constituted
        and elected Board of Supervisors

        MEADOWS LAW FIRM

        BY: /s/ *Karen J. Young*
            KAREN J. YOUNG

## CERTIFICATE OF SERVICE

I, Karen J. Young, of Meadows Law Firm, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF filing system, and the same has been transmitted electronically via the ECF filing system to:

| | |
|---|---|
| Ian A. Brendel, Esq.<br>P. O. B ox 1839<br>Gulfport, MS 39502 | Cyril Faneca, Esq.<br>Dukes, Dukes, Keating and Faneca<br>P.O. Box W<br>Gulfport MS 39502 |
| Robert G. Harenski, Esq.<br>P.O. Box 4961<br>Biloxi, MS 39535 | Robert H. Pederson, Esq<br>Watkins & Eager<br>P. O. Box 650<br>Jackson, MS 39205 |
| Patrick R. Buchanan, Esq.<br>Michael E. Bruffey, Esq.<br>Steven B. Dick, Esq.<br>Brown Buchanan, P. A.<br>P. O. Box 1377<br>Biloxi, MS 39533 | George D. Hembree III<br>McGlinchey Stafford<br>P. O. Drawer 22949<br>Jackson, MS 39225-2949 |

SO CERTIFIED this the 18th day of March, 2009.

/s/ *Karen J. Young*
KAREN J. YOUNG

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS LAW FIRM
P.O. Box 1076
Gulfport, MS 39502
Telephone: (228)868-7717
Facsimile: (228)868-7715
Email: kyoung@datasync.com