# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

WILLIAM DAVID SEAL                                               **PLAINTIFF**

**VERSUS**                                    **CAUSE NO.:  1:08cv175-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                    **DEFENDANTS**

### GEORGE PAYNE'S RESPONSES TO PLAINTIFF'S FIRST SET OF
### INTERROGATORIES

COMES NOW Defendant George Payne, Jr., in his Official Capacity, by and through his

attorneys, Dukes, Dukes, Keating & Faneca, P.A., pursuant to the Federal Rules of Civil

Procedure, and produces this his Responses to Plaintiff's First set of Interrogatories, as follows,

to wit:

Defendant reserves his right to supplement these Responses as investigation and

discovery continue.

**INTERROGATORY NO: 1**:        State the name, address and telephone number of

each person or persons the Defendant has ascertained who may have knowledge or discoverable

evidence relating to the subject matter of the present litigation.

**RESPONSE:**

1.      Sheriff George Payne, Jr.
        Former Harrison County Sheriff
        Harrison County Adult Detention Center
        2813 Kelly Avenue, Gulfport, MS 39501
        228-863-8053

2.      Major Dianne Gaston-Riley
        Former Warden at the Harrison County Sheriff's Department
        P.O. Box 3772, Gulfport, MS 39505
        228-539-9882

3.    Don Cabana
      Warden Harrison County Sheriff's Department
      10451 Larkin Smith Drive, Gulfport, MS
      228-896-3000

4.    Healthcare Assurance Personnel
      10451 Larkin Smith Drive, Gulfport, MS 39503
      228-896-3000

5.    Captain Steve Campbell
      Former Harrison County Sheriff's Office
      Harrison County Adult Detention Center
      19136 Marion Avenue, Long Beach, MS 39560
      228-297-2852

6.    Investigator Darwin McMahan
      Former Harrison County Sheriff's Office
      28069 16th Section Road, Pass Christian, MS 39571
      228-669-7153

7.    Sheriff Melvin Brisolara
      Harrison County Sheriff's Office
      Harrison County Adult Detention Center
      10451 Larkin Smith Road, Gulfport, MS  39503.

8.    Kenny Rogers
      Former Harrison County Adult Detention Center
      Address and telephone number unknown.

9.    Capt.Phil Taylor
      Harrison County Adult Detention Center
      10451 Larkin Smith Road,  Gulfport, MS  39503.
      228-896-3000

10.   Lt. Kevin Fayard
      Harrison County Adult Detention Center
      10451 Larkin Smith Road,  Gulfport, MS  39503.
      228-896-3000

11.   Steve Martin
      U.S. Department of Justice

2

12.    Ron Werby
       Former Harrison County Adult Detention Center Officer
       218 Pine Wood Circle, Gulfport, MS 39507
       Phone number unknown at this time.

13.    Larry Benefield
       Member of the Board of Supervisors
       1820 23rd Avenue, Gulfport, MS 39501
        228-865-4200

14.    Marlin Ladner
       Member of the Board of Supervisors
       1801 23rd Avenue, Gulfport, MS 39501
       228-865-4200

15.    Connie Rocko
       Member of the Board of Supervisors
       1801 23rd Avenue, Gulfport, MS 39501
       228-865-4200

16.    William Martin
       Member of the Board of Supervisors
       1801 23rd Avenue, Gulfport, MS 39501
       228-865-4200

17.    Bobby Eleuterius
       Member of the Board of Supervisors
       1801 23rd Avenue, Gulfport, MS 39501
       228-865-4200

18.    Major Wayne Payne
       Former Director of Operations, Harrison County Sheriff's Department
       Currently Chief of Police for City of D'Iberville

19.    Rick Gaston
       Former Supervisor of Booking, Harrison County Adult Detention Center
       1607 Girvan Court, Ocean Springs, MS 39564
       228-234-8270

20.    Ryan Teel
       Former Deputy, Harrison County Adult Detention Center
       Oxford Federal Correctional Institute

3

21.   Thomas Preston Wills
      Former Deputy, Harrison County Adult Detention Center
      Loretto Federal Correctional Institute

22.   Daniel Evans
      Former Deputy, Harrison County Adult Detention Center
      Ft. Worth Federal Correctional Institute

23.   Kenneth Windham
      Former Deputy, Harrison County Adult Detention Center
      2300 Shelby Lane, Ocean Springs, MS 39564
      Phone number unknown at this time.

24.   Morgan Thompson
      Former Deputy, Harrison County Adult Detention Center
      Petersburg Federal Correctional Institute

25.   Gulfport Police Captain Pope (08)
      Gulfport Police Department
      228-868-5953

26.   J. Waring (Badge 6628)
      Deputy with Gulfport Police Department
      228-868-5953

27.   Gulfport Police Officer Felicia Watkins
      Dispatch Officer - Gulfport Police Department
      228-868-5953

28.   Gulfport Police Officer T. Smith (128)
      Officer with Gulfport Police Department
      228-868-5953

29.   Nurse Rita Parker
      Health Assurance
      10451 Larkin Smith Drive, Gulfport, MS 39503
      228-896-3000

30.   Nurse J.L. White
      Health Assurance
      10451 Larkin Smith Drive, Gulfport, MS 39503
      228-896-3000

31.    Dr. Phillip Compton
       Harrison County Adult Detention Center Physician
       412 Security Square, Gulfport, MS 39507
       228-896-6640

32.    Regina Rhodes
       Former Harrison County Adult Detention Center Deputy
       Address and phone number unknown at this time.

33.    Leslie Mathis
       Former Sheriff's Deputy, Harrison County Adult Detention Center
       7004 Oakhurst Drive, Ocean Springs, MS 39564
       228-326-4138

34.    Sarah Stover
       Former Harrison County Adult Detention Center Deputy
       8005 Curry Road, Biloxi, MS 39532

35.    Kenneth Allen
       Former Harrison County Sheriff's Dept. Deputy
       13351 Warren Drive, Gulfport, MS 39503
       Phone number unknown at this time.

36.    Capt. Annie Kelly
       Harrison County Adult Detention Center
       10451 Larkin Smith Drive, Gulfport, MS 39503
       228-896-3000

37.    Rev. Joe Collins
       Harrison County Adult Detention Center
       10451 Larkin Smith Drive, Gulfport, MS 39503
       228-896-3000

38.    Leo DeGeorge
       Former HCADC deputy.
       11082 Noll Drive, D'Iberville, MS 39540
       228-424-8758

39.    Dwight Johnson
       FBI, 1317 26th Avenue, Gulfport, MS 39501
       228-864-3161

40.  Ken Katsarsis
     110-A South Monroe Street
     Tallahassee, Fl 32301
     850-224-2929

41.  Nurse Brenda Pleasant
     3901 Belmeade Drive, Gulfport, MS 39507
     228-223-7656

42.  Eddie Collins
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

43.  Vivian Adamson
     Former HCADC Deputy
     2214 16th Avenue, Gulfport, MS 39501

44.  Elizabeth Allen
     Former HCADC Deputy
     13351 Warren Drive, Gulfport, MS 39503

45.  James Barnes
     Former HCADC Deputy
     4808 Indiana Avenue, Gulfport, MS 39501

46.  Nathan Ellsberry
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

47.  Karl Stolze
     Former HCADC Deputy
     15912 Big Ridge Road, Biloxi, MS 39532
     228-392-9329

48.  Wendy Accardo
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

49.  Melinda Hester
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

50.  Evan Hubbard
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

51.  Regina Leslie
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

52.  Catherine Pavolini
     Former HCADC Deputy
     24211 Martina Street, Saucier, MS 39574
     228-586-9337

53.  Ron Pullen
     HCADC Deputy
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

54.  Robert Parker
     HCADC
     10451 Larkin Smith Drive, Gulfport, MS 39503
     228-896-3000

55.  Mildred Sue Smart
     Former HCADC Deputy
     494 Weaver Avenue, Gulfport, MS 39507

56.  Sarah Stover
     Former HCADC Deputy
     2300 Shelby Lane, Ocean Springs, MS 39564
     Phone number unknown at this time.

57.  Memorial Hospital at Gulfport ER Department, Dr. Dominegez
     4500 13th Street, Gulfport, MS 39501

58.  Any witness named by Plaintiff regarding any jail incident.

59.  Any individuals who witnessed or were involved in any incident identified by Plaintiff.

60.  All employees of Health Assurance who participated in or have knowledge of the incidents identified by Plaintiff.

61.  Any and all individuals identified by any party as potential witnesses that may be called at trial in this cause.

62.  Any and all individuals identified in any reports or narratives provided by any party.

63.  Any expert witness identified by any party during discovery.

64.  Any other persons identified in other parties' initial disclosures.

**INTERROGATORY NO: 2:**    State the name, address and telephone number of each witness the Defendant will or may call in the trial of this Cause.

**RESPONSE:**  See response to interrogatory no. 1 above for a list of individuals that the Defendant may call in the trial in this cause.  Will supplement as provided by the Federal Rules of Civil Procedure.

**INTERROGATORY NO: 3:**    State the names, addresses and telephone numbers of all expert witnesses you will call or may call at the trial of this matter and state the following about each such expert:

A.  The subject matter on which the expert is expected to testify;

B.  The substance of facts and opinions to which said expert is expected to testify;

C.  Such expert's qualifications and area of expertise;

D.  Summary of the grounds for each opinion to which each expert is expected to testify.

8

**RESPONSE:** Defendant will provide pursuant to the Federal Rules of Civil Procedure.

**INTERROGATORY NO: 4:**    Describe all documentary and/or tangible evidence you intend to introduce at the trial of this Cause.

**RESPONSE:** See Defendant's response to Plaintiff's Request for Production of Documents No. 2 and 6. Will supplement as provided by the Federal Rules of Civil Procedure.

**INTERROGATORY NO: 5:**    State the name, address and telephone number of any insurance carrier whose responsibility it is to defend claims such as the one herein made by the Plaintiffs as against the Defendant, and state the monetary limitations of the insurance policy or policies as reflected in said policy.

**RESPONSE:** A copy of the applicable insurance policy has previously been provided to the Plaintiff in Defendant's Pre-Discovery Disclosure of Core Information.

**INTERROGATORY NO: 6:**    Please state the names of all persons known by you to have been a witness to the incident giving rise to this litigation, including name, address, employer and telephone number.

**RESPONSE:** Former Harrison County Sheriff's deputies on duty at time of events alleged in Complaint:

    A.    Thomas Preston Wills; Loretto Federal Correctional Institute.

    B.    Ron Werby; HCADC investigator, assigned investigation September 19, 2005, and completed investigation September 27, 2005. 218 Pine Wood Circle, Gulfport, MS 39507

C.  Capt. Phil Taylor, HCADC officer on duty. 10451 Larkin Smith Drive, Gulfport, MS 39503.

D.  Daniel Evans; completed booking form of Plaintiff. Fort Worth Federal Correctional Institute.

E.  Gulfport Police Captain Pope (08) Gulfport Police Department 228-868-5953

F.  J. Waring (Badge 6628); Deputy with Gulfport Police Department, arrested Plaintiff. 228-868-5953

G.  Gulfport Police Officer Felicia Watkins; Dispatch Officer - Gulfport Police Department received the phone calls from Plaintiff and dispatched officers, 228-868-5953

H.  Gulfport Police Officer T. Smith (128), Officer with Gulfport Police Department, Assisted in arrest of Plaintiff, 228-868-5953

I.  Nurse Rita Parker, Health Assurance, 10451 Larkin Smith Drive, Gulfport, MS 39503, 228-896-3000

J.  Dr. Phillip Compton; Harrison County Adult Detention Center Physician examined Plaintiff, 412 Security Square, Gulfport, MS 39507 228-896-6640

**INTERROGATORY NO: 7**:    Describe in detail without limitation, any statement written or oral made by the Plaintiff concerning the subject occurrence.

**RESPONSE:** The statements contained in Plaintiff's emails which are attached to Defendant's Responses to Request for Production of Documents. Plaintiff also left a message on Ron Werby's cell phone. Seal was subsequently interviewed by Ron Werby and the substance of the interview is contained in the Internal Affairs Report.

**INTERROGATORY NO. 8:**     Described any and all photographs, video tapes or film of the Plaintiff and/or the subject matter of the present litigation.

**RESPONSE:** Plaintiff's booking photograph has previously been provided to Plaintiff.

**INTERROGATORY NO. 9:**     For each affirmative defense set forth in your answer, please state the following:

A. The factual basis for your affirmative defense.

B. The legal basis for the affirmative defense.

C. The name, address and telephone number of each individual you allege has knowledge concerning the affirmative defense.

D. Identify and list each document you contend supports your affirmative defense.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it seeks to discover mental impressions, conclusions, opinions, and legal theories of Defendant's counsel. Without waiving this objection, Defendant would refer the Plaintiff to all of Defendant's Responses to Plaintiff's Interrogatories and to Request for Production of Documents which provides a list of individuals likely to have discoverable information relevant to Defendant's defenses as well as copies of documents and other tangible things that are relevant to Defendant's claims and defenses.

11

**INTERROGATORY NO. 10:** State whether an investigation of the Plaintiff's allegations which occurred on or about September 4, 2005, has been performed, whether performed for any department or agency of any local, state or federal government, or for the Defendant, its insured, agents, or for any other party and for each such person conducting the investigation state the following:

    A.     The person's employer.

    B.     Dates of the investigation.

    C.     Whether any photographs were taken or drawings were made and if so, the names and addresses of all persons having copies of such photographs or drawings.

    D.     Whether any video tapes were taken or reviewed and if so, the names and addresses of all persons having copies or originals of te video tapes.

    E.     Whether statements in any form were taken, and if so, the names and addresses of all persons from whom the statements were taken, the form of the statements and the name and address of the person having originals, copies or transcripts of such statements.

    F.     A description and list of all tangible, physical or other evidence or information which was obtained during the investigation.

    G.     Whether a report or any other documents were prepared during or as a result of the investigation, and if so, list and describe all documents prepared and the name and address of every person having the original or a copy of the reports or documents.

**RESPONSE:**

A.    Harrison County Sheriff's Professional Standards Unit, Investigator Ron Werby.

B.    September 19 - 27, 2005

C.    Only photograph taken by the Defendant was the booking photo of the Plaintiff, a

copy of which has previously been provided to the Plaintiff.

D.    At this time Defendant Payne is unable to locate said video.

E.    The following statements have previously been provided to the Plaintiff.

    1.    Ron Werby interviewed Rita Parker, summary of interview is contained in
    the Internal Affairs report previously provided to the Plaintiff.

    2.    Ron Werby interviewed Thomas Preston Wills, summary of interview is
    contained in the Internal Affairs report previously provided to the
    Plaintiff.

    3.    Ron Werby interviewed Plaintiff, summary of interview is contained in
    the Internal Affairs report previously provided to the Plaintiff.

    4.    Ron Werby interviewed Capt. Phil Taylor, summary of interview is
    contained in the Internal Affairs report previously provided to the
    Plaintiff.

F.    Reviewed video recordings, computer generated report on ADL issue promptly,
Medical records of Plaintiff, booking and computer records of Plaintiff.

G.    Investigator Ron Werby with Internal Affairs conducted an investigation, and
completed an IA Report. Defendant refers the Plaintiff to response to Plaintiff's
Request for Production of Documents No. 2 .

**INTERROGATORY NO. 11:**    List all complaints filed by any citizen, whether

through lawsuit or in any other manner alleging abusive, violent or other inappropriate behavior

by members of the Harrison County Sheriff''s Department in the Harrison County Detention

Facility. If reports or lawsuits were made concerning the complaints, list and describe each

13

document, the cause number and court where suit was filed and the name and address of individual having originals or copies of such documents.

**RESPONSE:** Defendant objects to Interrogatory No. 11, this request is unduly burdensome, overly broad, and seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Defendant would state that inmates can file grievances regarding alleged abuse and Defendant has previously provided Plaintiff access to the inmate grievances. Additionally, Defendant's would refer Plaintiff to Response to Request for Production of Documents No. 2 for grievances alleging abuse received from 2000 to 2006. In regard to lawsuits alleging abuse, Defendant would refer Plaintiff to the list below of civil cases filed with the Court between the period of January 1, 2003 through September 4, 2005 wherein it was alleged that Harrison County Sheriff's Department officers used excessive force against an inmate at the HCADC. These cases are all of which Defendant Payne is aware of during this period.

1. *Young v. Harrison County, MS et al* ,103cv9069GRO, United States District Court, Southern district, Southern Division (Harrison County).

2. *Clayton v. George Payne, et al,* 1:04cv22GGU, United States District Court, Southern District, Southern Division, (Harrison County).

3. *Cranford v. Roberson, et al,* 1:05cv486GRO, United States District Court, Southern District, Southern Division (Harrison County).

4. *Oliver v. Capt. Gaston, Officer Partain, and Officer Craft,* 1:04cv499RRO, United States District Court, southern District, Southern Division (Harrison County).

5.   _Oliver v. Sgt. Geas, Sgt. Rogers, F.T.O. Francabandera_, 1:03cv656RRO, United
States District Court, Southern District, Southern Division (Harrison County).

6.   _Poiroux v. John Does and Sergeant Reese_, 1:04cv77RRO, United States District
Court, Southern District, Southern Division (Harrison County).

7.   _Anderson v. George Payne, Gaston-Riley, Phil Taylor, and John Does_,
1:04cv542RRO, United States District Court, Southern District, Southern
Division, (Harrison County).

8.   _Roles, III v. Captain Taylor, George Payne, Jr., Ricky Gaston, and Harrison
County Adult Detention Center_, 1:03cv949RRO, United States District Court,
Southern District, Southern Division (Harrison County).

9.   _Vanderburg v. Harrison County Sheriff's Department, et al_, 1:05cv303LTS-JMR,
United States District Court, Southern District, Southern Division (Harrison
County).

10.  _Knight v. George Payne, Jr., et al_, 1:05cv186LG-JMR, United States District
Court, Southern District, Southern Division (Harrison County).

11.  _Farrow v. George Payne, Jr., et al_, 1:05cv326LG-JMR, United States District
Court, Southern District, Southern Division (Harrison County).

12.  _Graves, Individually and Glen Graves, Individually, and as Administrator of the
Estate of Gary Powell Graves, Deceased and on Behalf of the Wrongful Death
Beneficiaries v. Harrison County, Mississippi; George Payne, Jr., et al._,
1:02cv895GR, United States District Court, Southern District, Southern Division
(Harrison County).

15

13. *Gregory Hancock, Thomas J. Hebert, and Kevin Bryan Necaise v. George Payne, Jr., as Sheriff; et al*, 1:03cv617RO, United States District Court, Southern District, Southern Division (Harrison County).

14. *Hale v. Harrison County Board of Supervisors; et al*, 1:03cv840RRO, United States District Court, Southern District, Southern Division (Harrison County).

15. *Lizana v. Harrison County, George Payne, Jr., et al*, 1:04cv23LG-JMR, United States District Court, Southern District, Southern Division (Harrison County).

16. *Stephens v. Harrison County, George Payne, Jr., et al*, 1:07cv96LG-JMR, United States District Court, Southern District, Southern Division (Harrison County).

17. *Rawls v. Sgt. Mathis, Officer Labauve and Lawson*, 1:05cv47LG-JMR, United States District Court, Southern District, Southern Division (Harrison County).


**INTERROGATORY NO. 12:**     State the last known address, telephone number and employer of the following individuals: Diane Gaston-Riley, Karle W. Stolze, Daniel Evans, Andrea Gibbs, Regina Rhodes, Jarred Necaise, Catherine Pavolini, Morgan Lee Thompson, Ryan Teel, Dedri Yulon Caldwell, Thomas Preston Wills, William Jeffery Priest, Lee Otis Jackson, Phillip Taylor, Madeline Dedeaux, Eddie Collins, Melinda Hester, Kenneth Windham, Earl Leonard, Elizabeth Allen, Wayne Turner, Steve Campbell, Andy Calvanese, Rupert Lacy, Joe Collins, Bill Frith, Gary Shirley, Rick Gaston, Preston Will, and Robert Parker.

**RESPONSE:**

A.  Dianne G.Riley-                 11011 Landon Lake Blvd.
                                    Gulfport, MS 39503

16

B.  Karl W. Stolze -                    15912 Big Ridge Road
                                        Biloxi, MS 39532

C.  Daniel Evans -                      Fort Worth Federal Correctional Institute

D.  Andrea Gibbs -                      Unknown at this time.

E.  Regina Rhodes -                     Unknown at this time.

F.  Jarred Necaise -                    Deceased

G.  Catherine Pavolini -                24211 Martina Street
                                        Saucier, MS 39574

H.  Morgan Lee Thompson -               Petersburg Federal Correctional Institute

I.  Ryan Teel -                         Oxford Federal Correctional Institute

J.  Dedri Yulon Caldwell -              Carswell Federal Medical Center

K.  Thomas Preston Wills -              Loretto Federal Correctional Institute

L.  William Jeffrey Priest -            Montgomery CCM

M.  Lee Otis Jackson -                  Unknown at this time

N.  Phillip Taylor -                    Harrison County Adult Detention Center
                                        10451 Larkin Smith Drive
                                        Gulfport, MS 39503

O.  Madeline Dedeaux -                  419 Josephine Ave.
                                        Pass Christian, MS 39571

P.  Eddie Collins -                     Harrison County Adult Detention Center
                                        10451 Larkin Smith Drive
                                        Gulfport, MS 39503

Q.  Melinda Hester -                    Harrison County Adult Detention Center
                                        10451 Larkin Smith Drive
                                        Gulfport, MS 39503

R. Kenneth Windham -                  2300 Shelby Ln.
                                      Ocean Springs, MS 39564


S. Earl Leonard -                     Harrison County Adult Detention Center
                                      10451 Larkin Smith Drive
                                      Gulfport, MS 39503


T. Elizabeth Allen -                  13351 Warren Drive
                                      Gulfport, MS 39503


U. Wayne Turner -                     18114 Sherwood Dr.
                                      Saucier, MS 39574


V. Steve Campbell -                   19136 Marion Avenue
                                      Long Beach, MS 39560


W. Andy Calvanese -                   12512 Brentford St.
                                      Ocean Springs, MS 39564


X. Rupert Lacy -                      Harrison County Adult Detention Center
                                      10451 Larkin Smith Drive
                                      Gulfport, MS 39503


Y. Joe Collins-                       Harrison County Adult Detention Center
                                      10451 Larkin Smith Drive
                                      Gulfport, MS 39503


Z. Bill Frith -                       Deceased.

A1. Gary Shirley -                    Unknown at this time.

B1. Rick Gaston -                     1607 Girvan Court
                                      Ocean Springs, MS 39564

18

C1. Robert Parker -                      Harrison County Adult Detention Center
                                         10451 Larkin Smith Drive
                                         Gulfport, MS 39503

**INTERROGATORY NO. 13:**        Other than this lawsuit, have you ever been a

Defendant in any other suit wherein it was alleged that abuse, violent or other inappropriate

behavior occurred at the Harrison County Detention Facility?  If so, state the following:

     A.    Name of the party and style of litigation.

     B.    The amount of the settlement.

     C.    City, State or County where litigation was filed.

     D.    Results or outcome of litigation.

**RESPONSE:**  Defendant objects to Interrogatory No. 13 as it is unduly burdensome and

that it seeks information that is irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence. Notwithstanding said objection, Defendant would refer Plaintiff to

Interrogatory No. 11.  Furthermore, any suit filed against him is a matter of public record and it

is on file at the United States District Court or the Circuit Court of Harrison County, MS.

**INTERROGATORY NO. 14:**        Have you ever settled with any other person, any

claims alleging abuse, violent or other inappropriate behavior at the Harrison county Detention

Facility?  If so, state the following:

     A.    The name, address and telephone number of the individual with whom you settled

         the claim.

     B.    The amount of the settlement.

     C.    The facts of the claim which led you to settle the claim.

D.    List and describe any documents that were reviewed in determining that the claim

should be settled.

E.    State whether or not the Harrison County Sheriff submits to Harrison County or

its Board of Supervisors, its internal operational procedures, manuals or other

documents.  If so, list and describe each document.

**RESPONSE:**  Defendant objects to Interrogatory No. 14 as it is unduly burdensome, and

it also seeks information that is irrelevant or not reasonably calculated  to lead to the

discovery of admissible evidence.  Notwithstanding said objection, Defendant would

refer Plaintiff to the list of individuals with whom the Harrison County Sheriff's

Department has settled a claim with between the period of January 1, 2003 to September

4, 2005:

A.    Floyd Bailey
      157 B. Rue Dauphin
      Biloxi, MS 39530
      228-392-6913
      Type: Auto Accident;

B.    Anika White
      2510 Todd Avenue
      Gulfport, MS 39501
      Type: Auto Accident;

C.    May Sharp
      1820 Thornton Avenue
      Gulfport, MS 39501
      228-864-5887
      Type: Auto Accident;

D.    Wesley Allen, Darren Allen, and Diedre Donnelly
      Gulfport, MS 39501
      Type: Auto Accident;

E.    John Olier
      344 Willow Avenue
      Biloxi, MS 39531
      228-388-2983
      Type: Auto Accident;

F.    Valerie Huffman
      P.O. Box 611
      Gulfport, MS 39502
      228-518-1940
      Type: Auto Accident; and

G.    Charles Pruitt
      204 Burt Circle
      Gulfport, MS 39503
      228-832-0341
      Type: Auto Accident.

**INTERROGATORY NO. 15:**    State whether or not on September 4, 2005, there

was a plan or policy in place at the Harrison County Detention Facility to provide medical care

to detainees/inmates.  If so, was the plan in writing?  State the contents of the plan or policy.

**RESPONSE:** Defendant would state that Harrison County Sheriff's Department did

contract with Health Assurance, LLC. to provide medical services to the inmates of Harrison

County Adult Detention Center on September 4, 2005.  At this time there was in place a health

care services policy procedure and directive.  Defendant refers the Plaintiff to response to

Plaintiff's Request for Production of Documents No. 2 for the contents of the Harrison County

Adult Detention Center's policies and procedures directive for Health Care Services.

**INTERROGATORY NO. 16:**    State whether or not there is a civilian or civil

service board appointed to review and make recommendations concerning any Complaints filed

by citizens against the Harrison County Detention Facility or the employees.  If so, state the

name, address and telephone number of the members for the past five years.

21

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is ambiguous, vague and does not adequately identify the information Plaintiff is seeking. Notwithstanding said objection, Defendants would state that no such board existed.

**INTERROGATORY NO. 17:**     State what oversight, supervision or monitoring is performed by Harrison County, its Board of Supervisors, its agents or representatives concerning the operation of the Harrison County Detention Facility.  State whether or not you have a copy of the narrative form, incident report or other document completed by any Harrison County Sheriff's Department employee concerning the incident that is the subject of this litigation.  State whether or not you have a copy of any reports submitted by you, Harrison County Sheriff, Harrison County Detention Facility Employees or anyone else concerning a report submitted to the United States Justice Department.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it is ambiguous, vague and does not adequately identify the information the Plaintiff is seeking. Additionally, this Interrogatory is compound in nature, is not relevant, and is not reasonably calculated to the discovery of admissible evidence. Without waiving this objection, Defendants would state that they have a copy of the offense form and arrest/booking form regarding this incident and other Harrison County Sheriff's Department employees' narrative forms, all of which have been previously produced to the Plaintiff.

**INTERROGATORY NO. 18:**     State whether or not you received a copy of the 1995 Federal Court Order to improve conditions and guaranty inmate rights at the Harrison County Detention Facility.  If so, state the date you received the Order and all actions you have taken to implement the Federal Court Order.

**RESPONSE:** Defendant Payne would state that he received a copy of the 1995 Consent

Judgment and entered by the United States of America v. Harrison County, MS et al. and the

United States District Court for the Southern District of Mississippi, Southern Division civil

action 1:95- cv -0005 (GR), when he took office.

**INTERROGATORY NO. 19:**     State whether or not you receive the quarterly

package or reports the Harrison County Detention Facility is required to submit under the 1995

Federal Court Order.  If so, state the individual or entity that has possession of the

packages/reports.

**RESPONSE:**  Defendant would state that the Harrison County Sheriff's Office prepares

and submits the required quarterly report to the United States District Court, Southern Division

in case number 1:95-cv-0005 (GR). Additionally, these quarterly reports are a matter of public

record and are already available for inspection in the civil action styled United States of America

v. Harrison County, MS, et al.

**INTERROGATORY NO. 20:**     State the name, address and telephone number of all

employees who worked in the Harrison County Detention Facility September 4, 2005.

**RESPONSE:** Defendant objects to Interrogatory No. 20 in that it is overly broad, vague

and lacks specificity.  Without waiving the objection, Defendant has previously provided

Plaintiff with the Harrison County Post Assignment Roster providing the names and badge

numbers of the twenty-seven (27) Harrison County Adult Detention Center employees working

at the time of Plaintiff's booking on September 4, 2005.

**INTERROGATORY NO. 21:**     State the factual and/or evidentiary basis for your

beliefs and allegations that at all times you acted in a reasonable manner and in good faith in the execution of your official duties, therefore making you immune from liability.

**RESPONSE:** See response to Interrogatory No. 9.

**INTERROGATORY NO. 22:** In you Answer, Sixth Defense, you state: "Any acts or omissions by Defendant are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so this Defendant is not liable to Plaintiff." As to this allegation, state the following:

    A.    The names, address and telephone number of any person providing facts which support this statement.

    B.    List and describe any documents which support this allegation .

    C.    The names, addresses and telephone numbers of the persons responsible for the injuries and damages sustained by the Plaintiff on September 4, 2005.

    D.    State the name, address and telephone number of any individuals providing these facts.

**RESPONSE:** See response to Interrogatory No. 9.

**INTERROGATORY NO. 23:** State the factual and/or evidentiary basis for your beliefs and allegations that a habit, pattern, custom, or policy of injurious abuse and use of excessive force against detainees and/or inmates did not exist at the Harrison County Adult Detention Center.

**RESPONSE:** See response to Interrogatory No. 9

**INTERROGATORY NO. 24:** State the factual and/or evidentiary basis for your

24

beliefs and allegations that a conspiracy to deprive the Plaintiff or nay other individual of any

rights or freedoms never existed at the Harrison County Adult Detention Center.

**RESPONSE:** See response to Interrogatory No. 9.

**INTERROGATORY NO. 25:** State the full name, address, telephone number,

place of employment and position held of each and every person answering or assisting in

answering these interrogatories.

**RESPONSE:**

George Payne, Jr.; he may be contacted by way of his attorneys of record, Dukes,
Dukes Keating and Faneca, P.A.
2909 13th Street, Gulfport, MS 39501.
228-868-1111
Former Sheriff of Harrison County, MS

**INTERROGATORY NO. 26:** What, if any, disciplinary action was taken against

booking officers, including, but not limited to, Ryan Teel, for his involvement in the beating

death of Jessie Lee Williams?

**RESPONSE:** Defendant objects to Interrogatory No. 26 in that it seeks information that

is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objection, the investigation into the Jessie Lee Williams incident was

turned over to the United States Department of Justice and numerous deputies subsequently

resigned. No disciplinary action was taken by me against any officers relating to this incident.

**INTERROGATORY NO. 27:** What, if any, disciplinary action was taken against

booking officers, for their involvement in the September 4, 2005, beating of William David

Seal?

25

**RESPONSE:** No disciplinary action was taken against HCADC Booking Officers following the investigation of the allegations made by the Plaintiff.

RESPECTFULLY SUBMITTED, this the 18 day of June, 2009.

**GEORGE PAYNE, JR., DEFENDANT**

GEORGE PAYNE, JR.

26

STATE OF MISSISSIPPI

COUNTY OF HARRISON

George Payne, Jr., being first duly sworn on his oath, deposes and says that he has read

the foregoing answers to interrogatories in his official and individual capacities, and he

subscribes and knows the contents thereof, that said responses were prepared with the advice and

assistance of counsel, that the responses set forth herein, subject to inadvertent or undiscovered

errors, are based on and therefore necessarily limited by the records and information still in

existence, presently recollected and thus far discovered in the course of the preparation of these

responses; that consequently, he reserves the right to make any changes in the responses if it

appears at any time that omissions or errors have been made therein or that more accurate

information is available and that subject to the limitations as set forth herein, said responses are

true and correct to the best of his knowledge, information and belief.

Witness my signature, this the 18 day of June, 2009.

_____
GEORGE PAYNE, JR.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 18 day of June, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 61916
STACEY SCHULTZ
Commission Expires
Feb. 3, 2013
HARRISON COUNTY

27

GEORGE PAYNE, JR., DEFENDANT
AS TO OBJECTIONS:
BY:    DUKES, DUKES, KEATING & FANECA, P.A.

BY:    _____
       CY FANECA, MSB #5128

Signed as to objections:

_____
**DUKES, DUKES, KEATING & FANECA, P. A.**
CY T. FANECA, MSB #5128
HALEY N. BROOM, MSB#101838
2909 13TH Street, Sixth Floor
Post Office Drawer W
Gulfport, Mississippi  39502-0680
**Telephone**:  (228) 868-1111
**Facsimile**:  (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day sent via U.S. Mail a true and correct copy of the foregoing to the following:

Counsel for Plaintiff:
Robert G. Harenski
1906 Pass Road
Biloxi, MS 39531

Brown Buchanan, PA
796 Vieux Marche, Suite 1
Biloxi, MS 39530

Counsel for Harrison County:
Joseph R. Meadows, Esq.
Post Office Drawer 550
Gulfport, MS 39502

This, the 18th day of June, 2009.

_Cy Faneca b/o_

CY FANECA

29

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

WILLIAM DAVID SEAL                                          **PLAINTIFF**

VERSUS                                      CAUSE NO.:  **1:08cv175-LG-RHW**

HARRISON COUNTY, MISSISSIPPI, ET AL.                     **DEFENDANTS**

## GEORGE PAYNE'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant George Payne, Jr , in his Official Capacity, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., pursuant to the Federal Rules of Civil Procedure, and produces this his Responses to Plaintiff's Request for Production of Documents, as follows, to wit:

Defendant reserves his right to supplement these Responses as investigation and discovery continue.

**REQUEST NO. 1:** Produce copies of any and all investigation reports made by an investigator or any other agency or person relating to the claim which is the subject of this lawsuit.

**RESPONSE:** See Internal Affairs Report attached hereto.

**REQUEST NO.  2:** Produce a copy of any and all documents you may use as an exhibit at trial.

1

**RESPONSE:** See following List of documents/videos/tangible things. Items 1-40 were produced to Plaintiff in core discovery and Items 41-171 are attached herewith. Will supplement if needed pursuant to Federal Rules of Civil Procedure.

Items 1 - 40 which were previously produced to Plaintiff in Defendant's Pre-Discovery Disclosure; therefore only items 41 - 171 will be produced herewith:

1. Gulfport Police Department Offense Report No. 05-032316
2. Gulfport Police Department Narrative Report No. 05-032316
3. Gulfport Police Department Uniform Arrest/Booking Form 05-032316
4. Sheriff Custody - Property List
5. Sheriff Custody - Personal Form
6. Sheriff Custody - Event History
7. Sheriff Custody - Charge List
8. Sheriff Custody - Charges
9. Professional Standards Unit IA Report No. IA2005-25
10. Harrison County Transport Form
11. Harrison County Inquiry Form
12. Health Assurance Records
13. Hand written notes from investigation
14. Harrison County Sheriff's Office Uniform Arrest and Booking Form
15. E-mail from David Seal to Sheriff Payne - 9/10/05
16. E-mail from David Seal to Major Riley
17. Training Records of Morgan Thompson
18. Training Records of Thomas Preston Wills
19. Harrison County Adult Detention Center Policies and Procedures Directive, Use of Force
20. Harrison County Adult Detention Center Policies and Procedures Directive, Use of Restraints
21. Harrison County Adult Detention Center Policies and Procedures Directive, Health Care Services
22. Harrison County Adult Detention Center Policies and Procedures Directive, Chain of Command
23. Harrison County Adult Detention Center Policies and Procedures Directive, Booking and Receiving
24. Harrison County Adult Detention Center Policies and Procedures Directive, Classification
25. Harrison County Adult Detention Center Policies and Procedures Directive, Personal Property Inventory

2

26. Harrison County Adult Detention Center Policies and Procedures Directive, Security Supervision of Holding Cells
27. Harrison County Adult Detention Center Policies and Procedures Directive, Inmate Grievance
28. Harrison County Adult Detention Center Policies and Procedures Directive, Training for Correctional Officers
29. Harrison County Adult Detention Center Policies and Procedures Directive, Training Plans
30. Harrison County Sheriff's Department's General Order #1, Code of Ethics
31. Harrison County Sheriff's Department's General Order #2, Incident Data Collection - Basic Report Writing Rules
32. Harrison County Sheriff's Department's General Order #6, Performance Appraisal
33. Harrison County Sheriff's Department's General Order #10, Weapons and Use of Force
34. Harrison County Sheriff's Department's General Order #16, Arrest Procedures
35. Harrison County Sheriff's Department's General Order #17, Field Training Program
36. Harrison County Sheriff's Department's General Order #57, Employee Grievances.
37. Harrison County Sheriff's Department's General Order #62, Employee Discipline
38. Harrison County Sheriff's Department's General Order #65, Professional Standards Unit
39. Post Assignment Sheet 1900-700, date 9/4/05
40. A copy of the insurance policy in effect at the time of the incident is enclosed.

---

41. HCADC Policies and Procedures Directive, Facility Goals.
42. HCADC Policies and Procedures Directive, Security Promotions.
43. HCADC Policies and Procedures Directive, Personnel Selection and Retention.
44. Diagram of Jail.
45. Diagram of Booking department.
46. ACA Accreditation report August 2005.
47. ACA Visiting Committee Reports.
48. ACA Contract.
49. ACA 2002 Accreditation Contract.
50. ACA 2002 Standards Compliance Audit.
51. ACA January 11, 2003, Commission on Accreditation for Corrections Panel Action Report.
52. ACA 2005 Accreditation Contract.
53. ACA 2005 Standards Compliance Audit.

3

54. ACA August 6, 2005, Commission on Accreditation for Corrections Panel Action Report.

55. ACA Performance Based Standards for Adult Local Detention Center.

56. Harrison County Grand Jury members of March, 2000, report dated September 6, 2000.

57. Harrison County Grand Jury members of September, 2000, report dated March 6, 2001.

58. Harrison County Grand Jury members of March, 2001, report dated September 7, 2001.

59. Harrison County Grand Jury members of September, 2001, report dated March 5, 2002.

60. Harrison County Grand Jury members of March, 2002, report dated September, 2002.

61. Harrison County Grand Jury members of September, 2002, report dated March, 2003.

62. Harrison County Grand Jury members of March, 2003, report dated September 2, 2003.

63. Harrison County Grand Jury members of September, 2003, report dated March 4, 2004.

64. Harrison County Grand Jury members of March, 2004, report dated September 13, 2004.

65. Harrison County Grand Jury members of September, 2004, report dated March 11, 2005.

66. Harrison County Grand Jury members of March, 2005, report dated November 15, 2005.

67. Harrison County Grand Jury members of November, 2005, report dated March 6, 2006.

68. Steve Martin's Reports dated, March 4, 1997, October 30, 1997, July 17, 1998, July 25, 2000, April 20, 2001,and February 20, 2002.

69. United States Department of Justice, Housing of Federal Prisoners Agreement; effective date December 1, 1981.

70. United States Department of Justice, Housing of Federal Prisoners; Modification One of Agreement; effective date June 1, 1986.

71. United States Department of Justice, Housing of Federal Prisoners; Modification Two of Agreement; effective date January 1, 1987.

72. United States Department of Justice, Housing of Federal Prisoners; Modification Three of Agreement, effective date November 1, 1990.

73. IA Report; IA2002-81

74. IA Report; IA2003-05

75. IA Report; IA2003-06

76. IA Report; IA2003-08

77. IA Report; IA2003-11

4

78.   IA Report; IA2003-14
79.   IA Report; IA 2003-15
80.   IA Report; IA2003-19
81.   IA Report; IA2003-21
82.   IA Report; IA2003-22
83.   IA Report; IA2003-24
84.   IA Report; IA2003-29
85.   IA Report; IA October 23, 2003
86.   IA Report; IA2003-340
87.   IA Report; IA2003-44
88.   IA Report; IA2004-01
89.   IA Report; IA2004-02
90.   IA Report; IA 2004-03
91.   IA Report; IA2004-04
92.   IA Report; IA2004-08
93.   IA Report; IA2004-09
94.   IA Report; IA2004-13
95.   IA Report; IA2004-18
96.   IA Report; IA2004-19
97.   IA Report; IA2004-20
98.   IA Report; IA2004-22
99.   IA Report; IA2004-27
100.  IA Report; IA2004-29
101.  Letter of Disciplinary Action of Martin Lipscomb, January 31, 2005
102.  Letter of Disciplinary Action of Michael Minor, January 31, 2005
103.  Letter of Disciplinary Action of Jerred Necaise, January 31, 2005
104.  Letter of Disciplinary Action of Justin Branning, January 31, 2005
105.  Letter of Written Reprimand Jeffrey Brawner, January 31, 2005
106   IA Report; IA2004-30
107.  IA Report; IA2005-03
108.  IA Report, IA2005-05
109.  IA Report, IA2005-06
110.  IA Report, IA2005-07
111.  Letter of Disciplinary Action of Daniel Evans, May 6, 2005
112.  Investigative Interview of Smoky Joe Wilson, April 8, 2005
113.  IA Report, IA2005-10
114.  IA Report, IA2005-14
115.  IA Report, IA2005-16
116.  IA Report, IA2005-18
117.  IA Report, IA2005-25
118.  IA Report, IA2005-34
119.  Notice of Hearing of Dedri Caldwell, August 16, 2005

5

120. Letter of Disciplinary Action for Dedri Caldwell, August 18, 2005
121. Administrative Leave Letter for Dedri Caldwell, December 12, 2005
122. Letter of Disciplinary Action for Dedri Caldwell, December 21, 2005
123. Written Reprimand to Justin Richards, January 11, 2006
124. Written Reprimand to Dereck Blankinchip, January 11, 2006
125. Notice of Hearing to Kenneth Roberson, January 3, 2006
126. Written Reprimand to Kenneth Roberson, January 11, 2006
127. Written Reprimand to Morgan Thompson, January 11, 2006
128. Notice of Hearing to James Nicholson, January 6, 2006
129. Termination Notice to James Nicholson, January 13, 2006
130. Written Reprimand to Ben Lamey, January 11, 2006
131. IA Report, IA2006-02A
132. IA Report, IA2006-04
133. Notice of Hearing to Dereck Blankinchip, January 30, 2006
134. Letter of Disciplinary Action to Dereck Blankinchip, February 8, 2006
135. Notice of Hearing to Eddie Collins, January 23, 2006
136. Letter of Disciplinary Action to Eddie Collins, January 26, 2006
137. IA Report, IA2006-05
138. Notice of Hearing to Daniel Evans, March 29, 2006
139. Letter of Disciplinary Action to Daniel Evans, April 4, 2006
140. Letter of Disciplinary Action to Karl Stolze, April 4, 2006
141. Officer Resignation Report for Karl Stolze, October 2, 2006
142. IA Report, IA2006-06
143. IA Report, investigation of complaint by Gretchen Bravo, March 29, 2006
144. IA Report, IA2006-16, April 27, 2006
145. IA Report, IA2006-21, May 22, 2006
146. Letter of Reprimand to Damon Reese, November 6, 2000
147. Letter of Reprimand to James Harrier, December 19, 2000
148. Letter of Reprimand to Richard Francabandera, August 12, 2003
149. Notice of Hearing to John Geas, August 28, 2003
150. Informational Report regarding John Geas, August 29, 2003
151. Resignation Acknowledgment to Jay S. Cox, January 5, 2005
152. Letter of Disciplinary Action to Lee Jackson, March 16, 2005
153. Notice of Hearing to Jerred Necaise, May 5, 2005
154. Resignation acknowledgment of resignation of Jerred Necaise, May 9, 2005
155. Office Termination Report for Regina Rhodes, April 17, 2006
156. Notice of Administrative Leave to Ruben Perez, May 24, 2006
157. Letter of Resignation from Ruben Perez, May, 2006
158. Letter of Disciplinary Action to William Priest, January 19, 2007
159. Harrison County Sheriff's Department Count Sheet- 2003
160. Harrison County Sheriff's Dept. Classification Block Accountability-2004

161. Harrison County Sheriff's Dept. Classification Block Accountability-2005
162. Harrison County Sheriff's Dept. Classification Block Accountability-Jan. 2006
163. HCADC - Booked In/Released Inmates Chart; 2000 - 2006, and all supporting documents.
164. HCADC - Grievances Filed Chart; 2000 - 2006, and all supporting documents.
165. HCADC- Grievances Filed Chart regarding officer misconduct; 2000-2006 and all supporting documents.
166. HCADC - Programs/Services Count; 2000 - 2006, and supporting documents.
167. Monthly Statistical Reports, 2000 - 2006.

168. Inter Office Memo from Capt. Taylor - Inmate Grievance Report dated August 22, 2000.
169. Inter Office Memo from Capt. Rick Gaston- Handling of Inmates dated April 12, 2005.
170. Jail Meeting April 20, 2005- Roster and Memorandum of Understanding.
171. Letter to Steve Martin from Captain Phil Taylor, May 24, 2006.

**REQUEST NO. 3:** Produce any and all expert reports that were, or will, be relied upon in whole or in part by any testifying expert in this case.

**RESPONSE:** Will provide pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 4:** Produce curriculum vitaes together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by the Defendants.

**RESPONSE:** Will provide pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 5:** Produce any treatises or authoritative literature which any expert intends to rely on for his or her testimony in this case.

**RESPONSE:** Will provide pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 6:** Produce copies of any and all photographs, film, videotapes, drawings, newspaper articles, or diagrams which Defendants have or which may be in the hands of their attorney, which in any way relate to this claim.

7

**RESPONSE:** See Response to Interrogatory No. 2. Also, pursuant to the Court's Order, dated January 30, 2009, Defendant has previously made available to the Plaintiff approximately 200 boxes of documents, and audio recordings, and approximately 30 boxes of video recordings previously seized by the Department of Justice and returned for storage in Defendant's attorney's office.

**REQUEST NO. 7:** Produce copies of any and all statements that have been taken from anyone in connection with this case, whether oral, recorded or written. (If you claim the privilege of work product as grounds for not producing statements, then, in lieu of producing such statements, please list the person or persons from whom such statements were taken, whether recorded, written, typed, or other, the persons taking or obtaining the statements, the dates they were obtained, and the locations of said statements.)

**RESPONSE:** Defendant is not aware of any.

**REQUEST NO. 8:** Produce copies of any and all charts, drawings, maps, models, etc., prepared in connection with this case.

**RESPONSE:** A copy of the Harrison County Adult Detention Center floor plan is available for inspection and copying. Will supplement, if necessary, as provided by the Federal Rules of Civil Procedure.

**REQUEST NO. 9:** Produce the originals or true copies of any and all documents not provided pursuant to any other request herein or which were utilized to formulate any answer to any Interrogatory propounded by the Plaintiff, or which you intend to use as an exhibit in the trial of this lawsuit.

8

**RESPONSE:** None. Will supplement, if necessary, as provided by the Federal Rules of

Civil Procedure

RESPECTFULLY SUBMITTED, this the 18th day of June, 2009.


**GEORGE PAYNE, JR., DEFENDANT**

BY:    DUKES, DUKES, KEATING &

FANECA, P.A.


BY: _Cy Faneca_

CY FANECA

9

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day sent via U.S. Mail a true and correct copy of the foregoing to the following:

Counsel for Plaintiff:
Robert G. Harenski
1906 Pass Road
Biloxi, MS 39531

Brown Buchanan, PA
796 Vieux Marche, Suite 1
Biloxi, MS  39530

Counsel for Harrison County:
Joseph R. Meadows, Esq.
Post Office Drawer 550
Gulfport, MS   39502

This, the 18th day of June, 2009.

CY FANECA

10

# HARRISON COUNTY SHERIFF'S DEPARTMENT
## PROFESSIONAL STANDARDS UNIT

| File Name<br>**William David Seal** | Date of Report<br>**September 27, 2005** | Date Assigned<br>**September 19, 2005** |
|---|---|---|
| Type Investigation<br>**Complaint** | Case Number<br>**IA2005-25** | |

On September 19, 2005, Harrison County Professional Standards OIC, Captain Steve Campbell, at the direction of Sheriff George Payne Jr., instructed Professional Standards Investigator Ron Werby to investigate a complaint e-mailed on September 10, 2004, to Harrison County Sheriff George Payne Jr. The complainant, William David Seal, alleged that he had been beaten by Gulfport Police Officers on September 4, 2005, and had a bleeding laceration when he came to the jail. He further alleged that the booking deputies refused him proper medical care and beat him after threatening to pour caustic substances on his wounds. Seal also complained about lack of proper hydration while confined in the detention center and not having a spoon or a cup issued to him while he was incarcerated.

Investigator Ron Werby interviewed Rita Parker, the head nurse at the ADC. Nurse Parker provided all the medical records in reference to Seal from the time he was booked until he was released. The paperwork indicated that Seal was seen and treated by the ADC medical staff promptly. The nurse's notes showed that Seal's wound was cleaned and dressed by the staff and that Dr. Compton further treated the wound on September 5, 2005, and referred Seal to Memorial Hospital in Gulfport to evaluate and treat his wound. Seal was taken to Memorial Hospital in the afternoon of September 6, 2005, and his laceration was sutured and Seal was returned to the ADC and released from the facility shortly after his return from the hospital.

Investigator Ron Werby interviewed Booking Deputy Thomas Wills (205) on September 22, 2005. Wills stated that he remembers booking Seals in the ADC on the night in question. Wills stated that Seal had a laceration on his eye when he came in the facility. He also stated that Seal was very agitated and made statements referring to the police as "fucking cops". Seal continued to make vulgar remarks to the Gulfport Police who were present during the booking procedure according to Wills. Wills and other deputies took Seals cuffs off and asked him to place his hands on the counter, according to Wills, Seal became belligerent and his arms started flailing and the deputies took Seal to the ground and placed cuffs back on him. Seal was later taken to cell block "B-F".

Investigator Werby called Seal on September 20, 21, and 23, 2005, and got Seal's recorded message. A message was left to call Investigator Werby. Seal called and left a message on Investigator Werby's cell phone on the evening of September 23, 2005.

Seal was called at his residence on September 26, 2005 and interviewed by Investigator Werby. Seal was slurring his words and sounded as if he were either intoxicated or under sedation. Seal restated most of the complaints that he mentioned in his e-mail complaint. Seal admitted that he provoked the Gulfport Police and threatened a police supervisor taking his complaint on the telephone. Seal also admitted that when the Gulfport Police arrived at his residence that he cursed them and resisted them.

Seal claimed that he was agitated during the booking procedure but did nothing to provoke the booking deputies into beating him. Seal further complained about not getting a spoon or a cup and that he was not given proper medical attention. He also complained that the prescription given at Memorial Hospital was not given to him when he was released from the ADC.

On September 27, 2005, Captain Steve Campbell and Investigator Werby viewed the digital recordings of the booking procedure on Seal on September 4, 2005. The video clearly showed Seal moving his left hand from the booking desk and attempting to strike Booking Deputy Morgan Thompson. Deputy Thomas Wills used a brachial plexus stun on Seal and several deputies restrained Seal on the ground and cuffed him while he was on the ground.

On September 27, 2005 Investigator Werby reviewed a computer generated report on ADC issued property to Seal upon his admission into the facility. The report showed that along with the normal issued supplies that Seal received a cup and a spoon.

Captain Taylor was interviewed on September 26, 2005 and stated that Seal received the same food diet as all the other inmates and that he had running water in his cell for hydration along with milk and other beverages given at mealtime.

**FINDINGS AND CONCLUSIONS**

It is found that William David Seal was transported by the Gulfport Police Department to the HCADC on September 4, 2005. When Seal arrived at Booking he had a laceration on his eye and other facial injuries sustained while resisting the Gulfport Police Officers. Seal was continuously disorderly according to Booking Deputies during the booking procedure and attempted to strike a Harrison County Booking Deputy. Booking Deputies used force to restrain Seal and followed procedures as outlined in the Policy and Procedures Manual.

Proper medical care was given to Seal while he was at the facility, according to the medical paperwork furnished by the medical staff. Seal was not given his prescription when he was released because the prescription from Memorial Hospital is only for the ADC staff to administer while Seal was at the facility. Seal would have had

to go to Memorial Hospital to get a copy of the prescription according to proper medical procedure.

Seal complained that he did not have a spoon or a cup, but computer records indicated that a cup and spoon was issued to him on September 5, 2005. Seal's complaint that he did not receive proper hydration is not well taken because he had a cup in his cell as well as running water.

Any allegation that Harrison County Booking Deputies, medical staff, or Corrections Deputies failed to follow proper procedures with William David Seal is **UNFOUNDED.** The video tape in booking, medical records and computer records indicated that Seal was properly booked in, and given prompt medical attention as well as normally issued supplies and meals.

| Report By: | Reviewing Supervisor |
|---|---|
| Investigator Werby | Sheriff George Payne |