# EXHIBIT D

# HARRISON COUNTY SHERIFF'S DEPARTMENT
## PROFESSIONAL STANDARDS UNIT

| File Name<br>William David Seal | Date of Report<br>September 27, 2005 | Date Assigned<br>September 19, 2005 |
|---|---|---|
| Type Investigation<br>Complaint | Case Number<br>IA2005-25 | |

On September 19, 2005, Harrison County Professional Standards OIC, Captain Steve Campbell, at the direction of Sheriff George Payne Jr., instructed Professional Standards Investigator Ron Werby to investigate a complaint e-mailed on September 10, 2004, to Harrison County Sheriff George Payne Jr. The complainant, William David Seal, alleged that he had been beaten by Gulfport Police Officers on September 4, 2005, and had a bleeding laceration when he came to the jail. He further alleged that the booking deputies refused him proper medical care and beat him after threatening to pour caustic substances on his wounds. Seal also complained about lack of proper hydration while confined in the detention center and not having a spoon or a cup issued to him while he was incarcerated.

Investigator Ron Werby interviewed Rita Parker, the head nurse at the ADC. Nurse Parker provided all the medical records in reference to Seal from the time he was booked until he was released. The paperwork indicated that Seal was seen and treated by the ADC medical staff promptly. The nurse's notes showed that Seal's wound was cleaned and dressed by the staff and that Dr. Compton further treated the wound on September 5, 2005, and referred Seal to Memorial Hospital in Gulfport to evaluate and treat his wound. Seal was taken to Memorial Hospital in the afternoon of September 6, 2005, and his laceration was sutured and Seal was returned to the ADC and released from the facility shortly after his return from the hospital.

Investigator Ron Werby interviewed Booking Deputy Thomas Wills (205) on September 22, 2005. Wills stated that he remembers booking Seals in the ADC on the night in question. Wills stated that Seal had a laceration on his eye when he came in the facility. He also stated that Seal was very agitated and made statements referring to the police as "fucking cops". Seal continued to make vulgar remarks to the Gulfport Police who were present during the booking procedure according to Wills. Wills and other deputies took Seals cuffs off and asked him to place his hands on the counter, according to Wills, Seal became belligerent and his arms started flailing and the deputies took Seal to the ground and placed cuffs back on him. Seal was later taken to cell block "B-F".

Investigator Werby called Seal on September 20, 21, and 23, 2005, and got Seal's recorded message. A message was left to call Investigator Werby. Seal called and left a message on Investigator Werby's cell phone on the evening of September 23, 2005.

Seal was called at his residence on September 26, 2005 and interviewed by Investigator Werby. Seal was slurring his words and sounded as if he were either intoxicated or under sedation. Seal restated most of the complaints that he mentioned in his e-mail complaint. Seal admitted that he provoked the Gulfport Police and threatened a police supervisor taking his complaint on the telephone. Seal also admitted that when the Gulfport Police arrived at his residence that he cursed them and resisted them.

Seal claimed that he was agitated during the booking procedure but did nothing to provoke the booking deputies into beating him. Seal further complained about not getting a spoon or a cup and that he was not given proper medical attention. He also complained that the prescription given at Memorial Hospital was not given to him when he was released from the ADC.

On September 27, 2005, Captain Steve Campbell and Investigator Werby viewed the digital recordings of the booking procedure on Seal on September 4, 2005. The video clearly showed Seal moving his left hand from the booking desk and attempting to strike Booking Deputy Morgan Thompson. Deputy Thomas Wills used a brachial plexus stun on Seal and several deputies restrained Seal on the ground and cuffed him while he was on the ground.

On September 27, 2005 Investigator Werby reviewed a computer generated report on ADC issued property to Seal upon his admission into the facility. The report showed that along with the normal issued supplies that Seal received a cup and a spoon.

Captain Taylor was interviewed on September 26, 2005 and stated that Seal received the same food diet as all the other inmates and that he had running water in his cell for hydration along with milk and other beverages given at mealtime.

## FINDINGS AND CONCLUSIONS

It is found that William David Seal was transported by the Gulfport Police Department to the HCADC on September 4, 2005. When Seal arrived at Booking he had a laceration on his eye and other facial injuries sustained while resisting the Gulfport Police Officers. Seal was continuously disorderly according to Booking Deputies during the booking procedure and attempted to strike a Harrison County Booking Deputy. Booking Deputies used force to restrain Seal and followed procedures as outlined in the Policy and Procedures Manual.

Proper medical care was given to Seal while he was at the facility, according to the medical paperwork furnished by the medical staff. Seal was not given his prescription when he was released because the prescription from Memorial Hospital is only for the ADC staff to administer while Seal was at the facility. Seal would have had

to go to Memorial Hospital to get a copy of the prescription according to proper medical procedure.

Seal complained that he did not have a spoon or a cup, but computer records indicated that a cup and spoon was issued to him on September 5, 2005. Seal's complaint that he did not receive proper hydration is not well taken because he had a cup in his cell as well as running water.

Any allegation that Harrison County Booking Deputies, medical staff, or Corrections Deputies failed to follow proper procedures with William David Seal is **UNFOUNDED.** The video tape in booking, medical records and computer records indicated that Seal was properly booked in, and given prompt medical attention as well as normally issued supplies and meals.

| Report By: | Reviewing Supervisor |
|---|---|
| Investigator Werby | Sheriff George Payne |