# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM DAVID SEAL                                          PLAINTIFF

VERSUS                                            CAUSE NO.: <u>1:08cv175-LG-RHW</u>

HARRISON COUNTY, MISSISSIPPI, ET AL.                DEFENDANTS

<u>**GEORGE PAYNE'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>

  COMES NOW Defendant George Payne, Jr., in his Official Capacity, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., pursuant to the Federal Rules of Civil Procedure, and produces this his First Supplemental Responses to Plaintiff's First set of Interrogatories, as follows, to wit:

  Defendant reserves his right to supplement these Responses as investigation and discovery continue.

  **INTERROGATORY NO. 8:** Described any and all photographs, video tapes or film of the Plaintiff and/or the subject matter of the present litigation.

  **RESPONSE:** Plaintiff's booking photograph has previously been provided to Plaintiff.

  **FIRST SUPPLEMENTAL RESPONSE:** Defendant does not have a booking photo of Plaintiff as the time of his arrest due to this being directly after Hurricane Katrina, and the camera system in the booking area at the Harrison County Adult Detention Center was not in operation. Additionally, See Response to Request for Production of Documents No. 2. for all videotapes. In regard to the program installed at the office of Brown Buchanan, the program was

1

only to view the Vanderburg tape. The Vanderburg tape was only compatible with said program and it functioned properly when Jon Tiner viewed same at the office of Brown Buchanan.

**INTERROGATORY NO. 18:** State whether or not you received a copy of the 1995 Federal Court Order to improve conditions and guaranty inmate rights at the Harrison County Detention Facility. If so, state the date you received the Order and all actions you have taken to implement the Federal Court Order.

**RESPONSE:** Defendant Payne would state that he received a copy of the 1995 Consent Judgment and entered by the United States of America v. Harrison County, MS et al. and the United States District Court for the Southern District of Mississippi, Southern Division civil action 1:95- cv -0005 (GR), when he took office.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant objects to the request for Defendant Payne to list all actions he has taken to implement the Federal Court Order due to the fact that this request is overly broad and unduly burdensome because it requests Defendant Payne to account for all actions taken since the beginning of his tenure as Sheriff of Harrison County, Mississippi. Notwithstanding said objection and in a good faith effort to respond to this interrogatory, Defendant Payne would state that numerous actions were taken under his administration to implement the mandates of the Court Order. The following includes several of those measures: 1) $3,000,000.00 was obtained and spent on new locks, control panels, and surveillance systems at the Harrison County Adult Detention Center; 2) with the assistance of the federal courts, Defendant Payne was able to hire eighteen (18) additional officers; 3) Harrison County Adult Detention Center became the only ACA accredited jail in the State of Mississippi and through such accreditation process the Harrison County Adult Detention Center

2

revised its policies and procedures in accordance with national standards; 4) Defendant Payne hired full-time training staff and had a comprehensive training program for the officers; 5) Defendant Payne enhanced the medical care staffing level by contracting with full-time health service providers and full-time licensed and qualified medical professionals. Defendant Payne also instituted policies and procedures regarding inmates' access to said health care services; 6) Defendant Payne enhanced the inmates access to the courts through its law library and by making Lexis Nexus resources available to the inmates; 7) good news ministry and Life Learning Programs were brought to the jail and made available for the inmates; 8) Defendant Payne requested technical assistance from the National Institute of Corrections Jail Division; and 9) Defendant Payne referred complaints of excessive use of force to the Federal Bureau of Investigations.

Additionally, Sheriff Payne has filed quarterly reports with the United States District Court, Southern Division from the beginning of his tenure as Sheriff of Harrison County, and Defendant Payne would refer Plaintiff to those reports as well as to the United States Department of Justice and the consultants' reports regarding the Department of Justice's compliance tours and the results thereof. Further Defendant Payne has never been held on contempt of such Order.

Defendant Payne would further state that this is not an exhaustive list of all actions he has taken to comply with the Federal Consent Decree because Defendant Payne is unable to provide such an inclusive list of the numerous measure taken; however, this is a list of actions Defendant Payne currently recalls.

RESPECTFULLY SUBMITTED, this the 10th day of August, 2009.

GEORGE PAYNE, JR., DEFENDANT

_____
GEORGE PAYNE, JR.

4

STATE OF MISSISSIPPI

COUNTY OF HARRISON

George Payne, Jr., being first duly sworn on his oath, deposes and says that he has read the foregoing answers to interrogatories in his official and individual capacities, and he subscribes and knows the contents thereof, that said responses were prepared with the advice and assistance of counsel, that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently, he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available and that subject to the limitations as set forth herein, said responses are true and correct to the best of his knowledge, information and belief.

Witness my signature, this the 10th day of August, 2009.

_____
GEORGE PAYNE, JR.

SWORN TO AND SUBSCRIBED BEFORE ME, this the 10th day of August, 2009.

_____
NOTARY PUBLIC

My Commission Expires: Sept. 18, 2012

5

                **GEORGE PAYNE, JR., DEFENDANT**
                AS TO OBJECTIONS:
                BY:   DUKES, DUKES, KEATING & FANECA, P.A.

                BY:   */s/ Cy Faneca HB*
                          CY FANECA, MSB #5128

Signed as to objections:

*/s/ Cy Faneca HB*

**DUKES, DUKES, KEATING & FANECA, P. A.**
CY T. FANECA, MSB #5128
HALEY N. BROOM, MSB#101838
2909 13TH Street, Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502-0680
**Telephone**:  (228) 868-1111
**Facsimile**:   (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day sent via U.S. Mail a true and correct copy of the foregoing to the following:

    Counsel for Plaintiff:
        Robert G. Harenski
        1906 Pass Road
        Biloxi, MS 39531

        Brown Buchanan, PA
        796 Vieux Marche, Suite 1
        Biloxi, MS 39530

    Counsel for Harrison County:
        Joseph R. Meadows, Esq.
        Post Office Drawer 550
        Gulfport, MS 39502

This, the 10th day of August, 2009.

                                          */s/ Cy Faneca*
                                          CY FANECA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM DAVID SEAL                                          PLAINTIFF

VERSUS                                  CAUSE NO.: <u>1:08cv175-LG-RHW</u>

HARRISON COUNTY, MISSISSIPPI, ET AL.                        DEFENDANTS

## GEORGE PAYNE'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant George Payne, Jr , in his Official Capacity, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., pursuant to the Federal Rules of Civil Procedure, and produces this his Supplemental Responses to Plaintiff's Request for Production of Documents, as follows, to wit:

Defendant reserves his right to supplement these Responses as investigation and discovery continue.

**REQUEST NO. 2:** Produce a copy of any and all documents you may use as an exhibit at trial.

**RESPONSE:** See the following List of documents/videos/tangible things. Items 1-40 were produced to Plaintiff in core discovery and Items 41-171 are attached herewith. Will supplement if needed pursuant to Federal Rules of Civil Procedure.

Items 1 - 40 were previously produced to Plaintiff in Defendant's Pre-discovery Disclosure; therefore only items 41 - 171 will be produced herewith:

1

1. Gulfport Police Department Offense Report No. 05-032316
2. Gulfport Police Department Narrative Report No. 05-032316
3. Gulfport Police Department Uniform Arrest/Booking Form 05-032316
4. Sheriff Custody - Property List
5. Sheriff Custody - Personal Form
6. Sheriff Custody - Event History
7. Sheriff Custody - Charge List
8. Sheriff Custody - Charges
9. Professional Standards Unit IA Report No. IA2005-25
10. Harrison County Transport Form
11. Harrison County Inquiry Form
12. Health Assurance Records
13. Hand written notes from investigation
14. Harrison County Sheriff's Office Uniform Arrest and Booking Form
15. E-mail from David Seal to Sheriff Payne - 9/10/05
16. E-mail from David Seal to Major Riley
17. Training Records of Morgan Thompson
18. Training Records of Thomas Preston Wills
19. Harrison County Adult Detention Center Policies and Procedures Directive, Use of Force
20. Harrison County Adult Detention Center Policies and Procedures Directive, Use of Restraints
21. Harrison County Adult Detention Center Policies and Procedures Directive, Health Care Services
22. Harrison County Adult Detention Center Policies and Procedures Directive, Chain of Command
23. Harrison County Adult Detention Center Policies and Procedures Directive, Booking and Receiving
24. Harrison County Adult Detention Center Policies and Procedures Directive, Classification
25. Harrison County Adult Detention Center Policies and Procedures Directive, Personal Property Inventory
26. Harrison County Adult Detention Center Policies and Procedures Directive, Security Supervision of Holding Cells
27. Harrison County Adult Detention Center Policies and Procedures Directive, Inmate Grievance
28. Harrison County Adult Detention Center Policies and Procedures Directive, Training for Correctional Officers
29. Harrison County Adult Detention Center Policies and Procedures Directive, Training Plans
30. Harrison County Sheriff's Department's General Order #1, Code of Ethics

31. Harrison County Sheriff's Department's General Order #2, Incident Data Collection - Basic Report Writing Rules
32. Harrison County Sheriff's Department's General Order #6, Performance Appraisal
33. Harrison County Sheriff's Department's General Order #10, Weapons and Use of Force
34. Harrison County Sheriff's Department's General Order #16, Arrest Procedures
35. Harrison County Sheriff's Department's General Order #17, Field Training Program
36. Harrison County Sheriff's Department's General Order #57, Employee Grievances
37. Harrison County Sheriff's Department's General Order #62, Employee Discipline
38. Harrison County Sheriff's Department's General Order #65, Professional Standards Unit
39. Post Assignment Sheet 1900-700, date 9/4/05
40. A copy of the insurance policy in effect at the time of the incident is enclosed.
41. In the event it is discovered that additional officers were involved in the alleged events, Defendants reserve the right to produce those officers' training records.

---

41. HCADC Policies and Procedures Directive, Facility Goals.
42. HCADC Policies and Procedures Directive, Security Promotions.
43. HCADC Policies and Procedures Directive, Personnel Selection and Retention.
44. Diagram of Jail.
45. Diagram of Booking department.
46. ACA Accreditation report August 2005.
47. ACA Visiting Committee Reports.
48. ACA Contract.
49. ACA 2002 Accreditation Contract.
50. ACA 2002 Standards Compliance Audit.
51. ACA January 11, 2003, Commission on Accreditation for Corrections Panel Action Report.
52. ACA 2005 Accreditation Contract.
53. ACA 2005 Standards Compliance Audit.
54. ACA August 6, 2005, Commission on Accreditation for Corrections Panel Action Report.
55. ACA Performance Based Standards for Adult Local Detention Center.
56. Harrison County Grand Jury members of March, 2000, report dated September 6, 2000.
57. Harrison County Grand Jury members of September, 2000, report dated March 6, 2001.

58. Harrison County Grand Jury members of March, 2001, report dated September 7, 2001.
59. Harrison County Grand Jury members of September, 2001, report dated March 5, 2002.
60. Harrison County Grand Jury members of March, 2002, report dated September, 2002.
61. Harrison County Grand Jury members of September, 2002, report dated March, 2003.
62. Harrison County Grand Jury members of March, 2003, report dated September 2, 2003.
63. Harrison County Grand Jury members of September, 2003, report dated March 4, 2004.
64. Harrison County Grand Jury members of March, 2004, report dated September 13, 2004.
65. Harrison County Grand Jury members of September, 2004, report dated March 11, 2005.
66. Harrison County Grand Jury members of March, 2005, report dated November 15, 2005.
67. Harrison County Grand Jury members of November, 2005, report dated March 6, 2006.
68. Steve Martin's Reports dated, March 4, 1997, October 30, 1997, July 17, 1998, July 25, 2000, April 20, 2001, and February 20, 2002.
69. United States Department of Justice, Housing of Federal Prisoners Agreement; effective date December 1, 1981.
70. United States Department of Justice, Housing of Federal Prisoners; Modification One of Agreement; effective date June 1, 1986.
71. United States Department of Justice, Housing of Federal Prisoners; Modification Two of Agreement; effective date January 1, 1987.
72. United States Department of Justice, Housing of Federal Prisoners; Modification Three of Agreement, effective date November 1, 1990.
73. IA Report; IA2002-81
74. IA Report; IA2003-05
75. IA Report; IA2003-06
76. IA Report; IA2003-08
77. IA Report; IA2003-11
78. IA Report; IA2003-14
79. IA Report; IA 2003-15
80. IA Report; IA2003-19
81. IA Report; IA2003-21
82. IA Report; IA2003-22
83. IA Report; IA2003-24
84. IA Report; IA2003-29

85. IA Report; IA October 23, 2003
86. IA Report; IA2003-340
87. IA Report; IA2003-44
88. IA Report; IA2004-01
89. IA Report; IA2004-02
90. IA Report; IA 2004-03
91. IA Report; IA2004-04
92. IA Report; IA2004-08
93. IA Report; IA2004-09
94. IA Report; IA2004-13
95. IA Report; IA2004-18
96. IA Report; IA2004-19
97. IA Report; IA2004-20
98. IA Report; IA2004-22
99. IA Report; IA2004-27
100. IA Report; IA2004-29
101. Letter of Disciplinary Action of Martin Lipscomb, January 31, 2005
102. Letter of Disciplinary Action of Michael Minor, January 31, 2005
103. Letter of Disciplinary Action of Jerred Necaise, January 31, 2005
104. Letter of Disciplinary Action of Justin Branning, January 31, 2005
105. Letter of Written Reprimand Jeffrey Brawner, January 31, 2005
106. IA Report; IA2004-30
107. IA Report; IA2005-03
108. IA Report, IA2005-05
109. IA Report, IA2005-06
110. IA Report, IA2005-07
111. Letter of Disciplinary Action of Daniel Evans, May 6, 2005
112. Investigative Interview of Smoky Joe Wilson, April 8, 2005
113. IA Report, IA2005-10
114. IA Report, IA2005-14
115. IA Report, IA2005-16
116. IA Report, IA2005-18
117. IA Report, IA2005-25
118. IA Report, IA2005-34
119. Notice of Hearing of Dedri Caldwell, August 16, 2005
120. Letter of Disciplinary Action for Dedri Caldwell, August 18, 2005
121. Administrative Leave Letter for Dedri Caldwell, December 12, 2005
122. Letter of Disciplinary Action for Dedri Caldwell, December 21, 2005
123. Written Reprimand to Justin Richards, January 11, 2006
124. Written Reprimand to Dereck Blankinchip, January 11, 2006
125. Notice of Hearing to Kenneth Roberson, January 3, 2006
126. Written Reprimand to Kenneth Roberson, January 11, 2006

127. Written Reprimand to Morgan Thompson, January 11, 2006
128. Notice of Hearing to James Nicholson, January 6, 2006
129. Termination Notice to James Nicholson, January 13, 2006
130. Written Reprimand to Ben Lamey, January 11, 2006
131. IA Report, IA2006-02A
132. IA Report, IA2006-04
133. Notice of Hearing to Dereck Blankinchip, January 30, 2006
134. Letter of Disciplinary Action to Dereck Blankinchip, February 8, 2006
135. Notice of Hearing to Eddie Collins, January 23, 2006
136. Letter of Disciplinary Action to Eddie Collins, January 26, 2006
137. IA Report, IA2006-05
138. Notice of Hearing to Daniel Evans, March 29, 2006
139. Letter of Disciplinary Action to Daniel Evans, April 4, 2006
140. Letter of Disciplinary Action to Karl Stolze, April 4, 2006
141. Officer Resignation Report for Karl Stolze, October 2, 2006
142. IA Report, IA2006-06
143. IA Report, investigation of complaint by Gretchen Bravo, March 29, 2006
144. IA Report, IA2006-16, April 27, 2006
145. IA Report, IA2006-21, May 22, 2006
146. Letter of Reprimand to Damon Reese, November 6, 2000
147. Letter of Reprimand to James Harrier, December 19, 2000
148. Letter of Reprimand to Richard Francabandera, August 12, 2003
149. Notice of Hearing to John Geas, August 28, 2003
150. Informational Report regarding John Geas, August 29, 2003
151. Resignation Acknowledgment to Jay S. Cox, January 5, 2005
152. Letter of Disciplinary Action to Lee Jackson, March 16, 2005
153. Notice of Hearing to Jerred Necaise, May 5, 2005
154. Resignation acknowledgment of resignation of Jerred Necaise, May 9, 2005
155. Office Termination Report for Regina Rhodes, April 17, 2006
156. Notice of Administrative Leave to Ruben Perez, May 24, 2006
157. Letter of Resignation from Ruben Perez, May, 2006
158. Letter of Disciplinary Action to William Priest, January 19, 2007
159. Harrison County Sheriff's Department Count Sheet- 2003
160. Harrison County Sheriff's Dept. Classification Block Accountability-2004
161. Harrison County Sheriff's Dept. Classification Block Accountability-2005
162. Harrison County Sheriff's Dept. Classification Block Accountability-Jan. 2006
163. HCADC - Booked In/Released Inmates Chart; 2000 - 2006, and all supporting documents.
164. HCADC - Grievances Filed Chart; 2000 - 2006, and all supporting documents.
165. HCADC- Grievances Filed Chart regarding officer misconduct; 2000-2006 and all supporting documents.

166. HCADC - Programs/Services Count; 2000 - 2006, and supporting documents.
167. Monthly Statistical Reports, 2000 - 2006.

168. Inter Office Memo from Capt. Taylor - Inmate Grievance Report dated August 22, 2000.
169. Inter Office Memo from Capt. Rick Gaston- Handling of Inmates dated April 12, 2005.
170. Jail Meeting April 20, 2005- Roster and Memorandum of Understanding.
171. Letter to Steve Martin from Captain Phil Taylor, May 24, 2006.

**FIRST SUPPLEMENTAL RESPONSE:** See following List of documents/videos/tangible things. Items previously produced have been marked and items not previously produced are attached herewith.

1. Memorial Hospital at Gulfport medical records of Plaintiff.(Previously Produced)
2. Antony J. Stock, M.D. medical records of Plaintiff.
3. Jan T. Goff, M.D. medical records of Plaintiff.
4. Dr. Lidgia Vives medical records of Plaintiff.
5. 9. Booking Videos:
   a. Start 11-06-05 14:35 - Stop 11-07-05 11:05. McBay(Previously Produced)
   b. Start 11-06-05 . McBay   (Previously Produced)
   c. Start 11-05-05 14:08 - Stop 11-06-05 14:36.
   d. Start 11-05-05 14:08 - Stop 11-06-05 14:35.
   e. Start 11-06-05 14:35 - Stop 11-07-05.
   f. Start 11-07-05 11:05 - 11-08-05 09:35.
   g. Start 05-26-05 - Stop 05-7-05. Vanderburg (Previously Produced)
   h. Start 09-10-05 07:16 - Stop 10/11/05 12:00.
   i. Start 06-11-06 18:20 - Stop 06-19-06 07:20. Carrubba
   j. Start 06-16-06 17:15 - 06-17-06 18:21. Carrubba

**REQUEST NO. 6:** Produce copies of any and all photographs, film, videotapes, drawings, newspaper articles, or diagrams which Defendants have or which may be in the hands of their attorney, which in any way relate to this claim.

**RESPONSE:** See Response to Interrogatory No. 2. Also, pursuant to the Court's Order, dated January 30, 2009, Defendant has previously made available to the Plaintiff approximately

7

200 boxes of documents, and audio recordings, and approximately 30 boxes of video recordings previously seized by the Department of Justice and returned for storage in Defendant's attorney's office.

**FIRST SUPPLEMENTAL RESPONSE:** In response to your good faith letter dated July 24, 2009, Defendant has produced all video of the subject incident in which he and his attorney are in possession of. Additionally, pursuant to the Agreed Order regarding inspecting and copying documents and videos, all video selected by attorney Robert Harenski: on March 30, 2009, are identified and produced in Response to Request No. 2.

RESPECTFULLY SUBMITTED, this the 10th day of August, 2009.

**GEORGE PAYNE, JR., DEFENDANT**

BY: DUKES, DUKES, KEATING & FANECA, P.A.

BY: *Cy Faneca HB*
CY FANECA

8

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day sent via U.S. Mail a true and correct copy of the foregoing to the following:

    Counsel for Plaintiff:
        Robert G. Harenski
        1906 Pass Road
        Biloxi, MS 39531

        Brown Buchanan, PA
        796 Vieux Marche, Suite 1
        Biloxi, MS  39530

    Counsel for Harrison County:
        Joseph R. Meadows, Esq.
        Post Office Drawer 550
        Gulfport, MS  39502

This, the 10th day of August, 2009.

                                                              _____
                                                              CY FANECA

9