## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WILLIAM DAVID SEAL**                                        **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO. 1:08cv175LG-RHW**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,
in his official capacity; CORRECTIONS
OFFICER SERGEANT RYAN TEEL, acting
under color of state law; CORRECTIONS OFFICER
THOMAS PRESTON WILLS, acting under color
of state law, CORRECTIONS OFFICER MORGAN
THOMPSON, acting under color of state law.**                **DEFENDANTS**

### ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendant MORGAN THOMPSON, by and through his undersigned counsel, and files this, his answer to Plaintiff's First Amended Complaint [106], and would show as follows, to-wit:

### FIRST DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Mississippi Code Ann. Section 11-46-1, et. seq., including the notice requirements of Section 11-26-11.

### SECOND DEFENSE

The Complaint and Amended Complaint, and all attachments should be dismissed for failure to state a complaint upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

The Defendant specifically reserves and invokes all other rights and defenses

1

available unto him, including but not limited to, those set forth in Rules 8 (c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, an/or common law, for which a good-faith legal and/or factual basis exists in his favor.

FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, the answering Defendant acted in a reasonable manner and in good faith while in the course and scope of his employment and in the execution of his official duties, and therefore, the answering Defendant is immune from liability.

FIFTH DEFENSE

The subject of Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by this Defendant. This Defendant neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

SIXTH DEFENSE

Any acts or omissions by this Defendant are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so that this Defendant is not liable to the Plaintiff.

SEVENTH DEFENSE

This answering Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory

doctrine of sovereign immunity, absolute immunity, and qualified immunity.

EIGHTH DEFENSE

The Plaintiff lacks standing to pursue this civil action.

NINTH DEFENSE

This answering Defendant would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants or any other individual's conduct can be characterized as that of a policymaker. Therefore, this answering Defendants's conduct cannot attribute liability to the Harrison County Sheriff's Department or Harrison County, Mississippi, itself. In the alternative, in the event this answering Defendant is deemed to have been a policymaker at the Harrison County Adult Detention Center during the time complained of, then all allegations of official capacity liability against this answering Defendant are denied.

TENTH DEFENSE

AND NOW, in response to the allegations of the Plaintiff's First Amended Complaint [99], Defendant MORGAN THOMPSON answers Paragraph by Paragraph as follows:

PLAINTIFF REQUESTS TRIAL BY JURY

_____Defendant denies the Plaintiff's allegation, in the paragraph below the heading "Plaintiff Requests Trial by Jury," on Page 1 of the First Amended Complaint [106], that there was a "... gross deprivation of his (Plaintiff's) civil rights resulting in grievous physical and mental injuries and related and resultant damages ... ."

1.    In response to the allegations contained in paragraph 1, Defendant admits that Plaintiff's allegations are brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988. All remaining allegations are

3

denied based on the information available at the time Defendant files his answer hereto.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    In response to the allegations in paragraph 6, the allegations contained in Paragraph 6 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

7.    In response to the allegations in paragraph 7, the allegations contained in Paragraph 7 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

8.    In response to the allegations in paragraph 8, the allegations contained in Paragraph 8 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

9.    In response to the allegations in paragraph 9, Defendant admits the District Court has jurisdiction pursuant to 28 U.S.C. § 1331. The remaining allegations are denied.

10.    Defendant admits that venue is proper in paragraph 10, however all remaining allegations therein are denied.

11.     Defendant is without sufficient information to admit nor deny Plaintiff's allegations in paragraph 11, therefore, in an abundance of caution, Defendant denies Plaintiff's allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, the allegations contained in Paragraph 12 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

13.     In response to the allegations in paragraph 13, the allegations contained in Paragraph 13 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

14.     In response to the allegations in paragraph 13, the allegations contained in Paragraph 14 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

15.     In response to the allegations in paragraph 13, the allegations contained in Paragraph 15 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

16.     In response to the allegations in paragraph 16, Thompson admits he was employed with the Harrison County Sheriffs Department. All remaining allegations in paragraph 16 are denied.

17.     Defendant admits that Plaintiff brings his claims under 42 USC § 1983, 42

USC § 1985, and 42 USC § 1988. The remaining allegations in paragraph 17 are denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    It is admitted that Plaintiff was arrested. All remaining allegations are denied in paragraph 21.

22.    Defendant Thompson admits that Plaintiff was a pre-trial detainee. All remaining allegations in paragraph 22 are denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    It is admitted that Seal was being "disorderly" in Booking and Seal's hand moved toward Thompson. Thompson denied the remaining allegations in paragraph 27.

28.    At this time, the answering Defendant is  without sufficient information to admit or deny Plaintiff's allegations in paragraph 28, therefore, in an abundance of caution, Defendant denies Plaintiff's allegations in paragraph 28.

29.    The video of the incident, to the best of Morgan Thompson's knowledge, no longer exists.

30.    Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     All allegations in paragraph 35, including subsections A-F are hereby denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     The answering Defendant is  without sufficient knowledge to either admit or deny the allegations in paragraph 46, therefore, in  an abundance of caution, the allegations are denied.

47.      It is admitted that Plaintiff's complaint was  unfounded.  However, Defendant is without sufficient knowledge to either admit or deny the remaining  allegations in paragraph 47, therefore, in an abundance of caution, the remaining allegations are denied.

48.    Denied.

49.    Denied.

50.    In response to the allegations in paragraph 50, the allegations contained in Paragraph 50 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

51.    In response to the allegations in paragraph 51, the allegations contained in Paragraph 51 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

52.    In response to the allegations in paragraph 52, the allegations contained in Paragraph 52 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

53.    In response to the allegations in paragraph 53, the allegations contained in Paragraph 53 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

54.    In response to the allegations in paragraph 54, the allegations contained in Paragraph 54 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied to the extent the allegations in paragraph 119 are construed in any way to relate to the answering Defendant.

120.    Denied that  the answering Defendant  had improper training, and further denied that there was a widespread and persistent practice of abuse.

121.    Denied.

122.    Denied.

123.  In response to the allegations in paragraph 123, the allegations contained in Paragraph 123 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

124.  In response to the allegations in paragraph 124, the allegations contained in Paragraph 124 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

125.  In response to the allegations in paragraph 125, the allegations contained in Paragraph 125 of the Plaintiff's First Amended Complaint [106] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

126.  Denied.

127.  Is admitted that Plaintiff was arrested,  the remaining allegations in paragraph 127 are denied.

128.  Defendant Thompson admits Plaintiff was a pre-trial detainee. All remaining allegations in paragraph 128 are denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  It is admitted that Rob Werby prepared a report. Werby's findings he made in his report are admitted. All other allegations are hereby denied in paragraph 132.

133.    Defendant Thompson did not file a use of force report.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.     Denied.

142.    Denied.

143.    Denied.

144.    The answering Defendant is  without sufficient information to either admit
        or deny the allegations in paragraph 144, therefore, in an abundance of
        caution, the allegations are denied.  It is further denied that  the answering
        Defendant caused the wounds which Plaintiff claims he was treated for at
        the emergency room in paragraph 144.

145.     Denied.

146.    Denied.

147.    The answering Defendant is  without sufficient information to either admit
        or deny the allegations in paragraph 147, therefore, in an abundance of
        caution, the allegations are denied.

148.    The answering Defendant is  without sufficient information to either admit
        or deny the allegations in paragraph 148, therefore, in an abundance of

caution, the allegations are denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

## CONCLUSION

Defendant MORGAN THOMPSON denies all allegations on page 35 in Plaintiff's First Amended Complaint [156] contained in the paragraph below the heading "Conclusion."

## PRAYER FOR RELIEF

Defendant MORGAN THOMPSON denies that Plaintiff is entitled to all relief sought and demanded in the paragraph and subsections 1-3 which are contained in the paragraph below the heading "Prayer for Relief."

## AFFIRMATIVE DEFENSES

AND NOW, having answered the Complaint, the answering Defendant asserts the following affirmative defenses to be shown and proven at a trial or a hearing of this matter.

### I.

Neither this Defendant nor the Plaintiff can demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which later could have led to the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against this answering Defendant pursuant to 42 U.S.C. Sec. 1983.

### II.

This Defendant invokes the provisions of Section 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

### III.

This Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. This Defendant states that he is protected by sovereign and absolute immunity. The Defendant, in his individual capacity, states that he is protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Complaint.

### IV.

To the extent the Complaint raises any claim under Mississippi law, this Defendant specifically pleads all protections to which he is entitled pursuant to Section 11-46-1, et.

seq. of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

V.

The Defendant specifically pleads Miss. Code Ann. Section 11-46-9(1) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

VI.

The Defendant specifically pleads Miss. Code Ann. Section 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

VII.

The Defendant specially pleads Miss. Code Ann. Section 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, ... or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, ... or other such institution where the claim is filed.

16

VIII.

The Defendant would show that at all times while dealing with the Plaintiff or any other inmate at the Harrison County Adult Detention Center, Defendant acted in a professional manner and conducted any and all of his interactions with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures. Plaintiff's treatment was a result of and was entirely justified by the legitimate penological needs of the Harrison County Adult Detention Center in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly. As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff' rights or any other provision of federal or state law.

IX.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

X.

Plaintiff's damages arise from a pre-existing condition of the Plaintiff for which this Defendant cannot be held liable.

XI.

Any acts or omissions by this Defendant are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff; therefore, this Defendant is not liable to the Plaintiff.

XII.

The Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity and qualified immunity.

XIII.

That Defendant reserves his right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident which otherwise served to reduce or mitigate Plaintiff's alleged damages. In addition, or in the alternative, Defendant would affirmatively show that Plaintiff failed to mitigate his damages and Defendant is therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

XIV.

Defendant specifically pleads the doctrines of contributory and comparative negligence.

XV.

The Defendant would show that the Complaint, to the extent that Plaintiff seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendant's rights to substantive due process as provided in

18

the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendments as said Amendment guarantees the Defendant's equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth.

## XVI.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendant is subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

## XVII.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against this Defendant pursuant to 42 U.S.C. Section 1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

## XVIII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendant would show that the Complaint should be dismissed.

## XIX.

The Defendant specifically invokes and pleads all defenses to which he may be entitled under the Prison Litigation Reform Act, 42. U.S.C. Section 1997e(e).

XX.

Defendant would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendant were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. This answering Defendant would show that he was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. This answering Defendant would further show that all officers were properly and adequately trained and supervised. Additionally, this answering Defendant would show that any and all policies and procedures pertaining to the operation and the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

XXI.

Defendant would snow that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendant would further show that he did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XXII.

The Defendant would show and aver that any damages incurred, the same being denied, were solely, directly, and proximately the result of the negligent and/or intentional

20

acts or omissions of the Plaintiff and/or persons other than this answering Defendant, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve this answering Defendant herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against these answering Defendants.

XXIII.

Defendant would show that any and all actions taken on his part were in a good faith effort to maintain order and discipline at the Harrison County Adult Detention Center.

XXIV.

Defendant specifically asserts that any cause of action asserted by the Plaintiff is barred by the applicable statute of limitations.

XXV.

Defendant would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendant's or any other individual's conduct can be characterized as that of a policymaker. Therefore, this answering Defendant's conduct cannot attribute liability to the Harrison County Sheriff's Department or Harrison County itself. In the alternative, in the event this answering Defendant is deemed to be a policymaker at the Harrison County Adult Detention Center, all allegations of official capacity liability against them are denied.

21

XXVI.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering these specific damages under federal law against this Defendant in his official capacities.

XXVII.

This Defendant specifically denies each and every material allegation of the Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof.

XXVIII.

This Defendant would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given to him by law enforcement officers acting in their official capacities. By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonable in light of the officers' one need to ensure their safety as well as to preserve order within the Harrison County Adult Detention Center.

XXIX.

At no time was this answering Defendant an official policy maker for the Harrison County Sheriff's Office, nor did he ever have policy making authority.

XXX.

The Plaintiff lacks standing to pursue this civil action.

XXXI.

This Defendant further reserves the right to amend or supplement this Answer, Defenses and Affirmative Defenses as discovery and investigation continue.

**WHEREFORE,** Defendant MORGAN THOMPSON files this, his separate Answer to Plaintiff's First Amended Complaint [106] presented against him and upon final hearing, moves that the same be dismissed along with your Defendant with costs being assessed against the Plaintiff.

RESPECTFULLY SUBMITTED, this the 11th day of November, 2009.

MORGAN THOMPSON, Defendant

BY:    **/s IAN A. BRENDEL**
JAMES L. DAVIS, III
IAN A. BRENDEL
Attorneys for Morgan Thompson

**CERTIFICATE OF SERVICE**

I, IAN A. BRENDEL, attorney at law, do hereby certify that the undersigned counsel of record has been notified via ECF:

Robert G. Harenski, Esq.
P.O. Box 4961
Biloxi, MS 39533

Karen J. Young, Esq.
The Meadows Law Firm
P.O. Box 1076
Gulfport, MS   39502

23

Cy Faneca, Esq.
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS   39502

Patrick R. Buchanan, Esq.
Michael E. Bruffey, Esq.
Steven B. Dick, Esq.
Brown Buchanan, PA
796 Vieux Marche
Suite 1
Biloxi, MS 39530

THIS the 11th day of November, 2009

BY: **/s /IAN A. BRENDEL**
IAN A. BRENDEL

JAMES L. DAVIS, III - MS Bar #5820
IAN A BRENDEL -  MS Bar # 102659
Law Offices of Jim Davis
1904 – 24th Avenue
P. O. Box 1839
Gulfport, MS  39502
Ph:  228/864-1588