# EXHIBIT   H

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM DAVID SEAL**                                                        **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:08CV175-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
GEORGE PAYNE; WAYNE PAYNE; DIANE GASTON RILEY;
STEVE CAMPBELL; RICK GASTON; RYAN TEEL,
PRESTON WILLS, CORRECTIONS OFFICERS JOHN
DOES 1-2; AMERICAN CORRECTIONS ASSOCIATION;
JAMES A. GONDLES, JR.; AMERICAN CORRECTIONS
ASSOCIATION EMPLOYEES JOHN AND/OR JANE
DOES 1-3,; HEALTH ASSURANCE LLC; HEALTH
ASSURANCE, LLC EMPLOYEES JOHN AND/OR JANE
DOES 1-2**                                                            **DEFENDANTS**

## AFFIDAVIT OF STEVE CAMPBELL

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority in and

for the County and State aforesaid, the within named, STEVE CAMPBELL, who, after first being

duly sworn by me on his oath, did depose and state the following:

1.      My name is STEVE CAMPBELL , and I am over the age of twenty-one (21) years.

I was a Captain with the Harrison County Sheriff's Office and I was the Captain for

the Professional Standards Unit for the Harrison County Adult Detention Center from

September, 2002 until January, 2008. I have personal knowledge of the matters and

facts contained in this Affidavit and I am competent to testify to the matters stated

herein.

2.      As Captain for the Professional Standards Unit, I was charged with the responsibility

Page 1 of 4



of conducting internal administrative investigations and applicant background development. The Professional Standards Unit of the Harrison County Adult Detention Center has the primary responsibility of investigating complaints of alleged employee misconduct pursuant to General Order #65, Professional Standards Unit, which is attached hereto as **Exhibit "1".**

3.    The attached records are a true and correct copy of General Order #65, which represents the Professional Standards Unit Policy of the Sheriff of Harrison County in effect as of October 1, 2002, and the General Order #65 was prepared in the regular course of business activity.

4.    On September 19, 2005, at the direction of Sheriff George Payne, Jr., I instructed assisting Professional Standards Unit Investigator Gibran Werby to investigate the emailed complaint (dated September 10, 2005) of William David Seal. As part of Werby's investigation, he interviewed Thomas Preston Wills, nurse Rita Parker, Mr. Seal, Captain Phil Taylor, examined related medical/HCADC records and a digital video recording of the incident.

5.    On September 27, 2005, myself along with Werby viewed the digital recordings and the video clearly showed Seal moving his left hand from the booking desk and attempting to strike booking deputy Morgan Thompson and thus causing deputy Wills to use a defensive tactic to gain compliance of Seal and restrain him on the ground and cuff him, with the assistance of other deputies.

6.    Upon completion of Werby's investigation, I concluded that Seal was continuously disorderly to booking deputies during the booking procedure and that he attempted to strike a booking deputy. I also concluded that booking deputies used force to

restrain Seal and followed procedures as outlined in the Policies and Procedures. Therefore, I concluded William David Seal's complaint of the alleged use of excessive force was unfounded, along with his other allegations.

7.      As Captain with the Harrison County Sheriff's Office and as Captain for the Professional Standards Unit for the Harrison County Adult Detention Center , I was trained and had first hand knowledge of the policies and procedures that were in place at the Harrison County Adult Detention Center, on or about September 4, 2005, including the Use of Force Policy.  See Use of Force Policy attached hereto as **Exhibit "2"**.

8.      In my review of the digital video, at no time during this incident did Wills, Thompson or any other deputy present, assert more force than was absolutely necessary to regain order and control of the situation with Seal.

9.      Upon the conclusion the investigation, I have no knowledge of what happened to the recording of Mr. Seal's booking at the Harrison County Adult Detention Center.

10.     Pursuant to General Order #65, files were maintained of all internal investigations. I have attached hereto as **Exhibit "3"**relevant portions of the investigative file of case number IA2005-25, which involve the investigation into Plaintiff's booking at the Harrison County Adult Detention Center, and specifically the conduct of Deputy Thompson and Deputy Wills, **Exhibit "3-7"** is the Internal Affairs Report dated September 27, 2005.

I certify the above declaration is true and correct under penalty of perjury.

Affiant Steve Campbell
Harrison County, Mississippi

Page 3 of  4

Sworn to and subscribed before me on this the $\underline{\text{12th}}$ day of November, 2009.

_Robin D. Butler_
Notary Public

My Commission Expires:

_____

(SEAL)

MADISON COUNTY
Nov. 28, 2012
Commission Expires
ROBIN D BUTLER
ID # 5534
NOTARY PUBLIC
STATE OF MISSISSIPPI

Page 4 of  4

General Order #65
Harrison County Sheriff's Department
October 1, 2002

George Payne, Jr, Sheriff

PROFESSIONAL STANDARDS UNIT

1. **PURPOSE**

   The purpose of this order is to establish the policy for managing and staffing the Professional Standards Unit of the Harrison County Sheriff's Department. This policy will outline the procedures for investigating complaints of misconduct.

2. **SCOPE**

   This policy is directed to all department personnel.

3. **POLICY**

   The Harrison County Sheriff's Department Professional Standards Unit shall be responsible for conducting internal administrative investigations and applicant background development.

   This policy shall define the methods of investigation and discipline in order to ensure the protection of employees' rights through the conscientious investigation and ultimate disposition of each inquiry. This policy shall ensure the integrity of the department by establishing procedures that provide an investigation of any matter that might affect the efficient, professional operation of the department, and mandated compliance with all general orders.

   A. Internal Investigations Authority

      Internal inquiries and investigations are performed under the authority of the Sheriff. The Professional Standards Unit shall have the primary responsibility of investigating complaints of alleged employee misconduct. The Professional Standards Unit will operate under the supervision and direction of the Sheriff. All orders written or verbal issued in connection with any internal investigation shall be considered as direct orders from the Sheriff. The final authority to exonerate, declare unfounded, not sustained, or to sustain any complaint rests solely with the Sheriff. Internal inquiries are administrative and should not be construed as criminal investigations.

General Order #65 - October 1, 2002                                    1



EXHIBIT
"F-1"

B.  Disciplinary Review

Members of the Professional Standards Unit may be required to attend  Disciplinary Review Hearings subsequent to internal investigations. The sole purpose will be to provide the facts and circumstances surrounding the respective cases.

C.  Civil Service Meetings

A representative of the Professional Standards Unit may be requested to attend regular or special civil service meetings for providing insight on disciplinary actions occurring inside the department. The representative's responsibility is solely to inform the Civil Service Commissioners of results of particular investigations.

D.  PSU Area of Investigative Responsibility

The Professional Standards Unit will investigate serious or sensitive allegations of misconduct and incidents resulting in actual or potential litigation against the county, the Sheriff's Department or employees of the Sheriff's Department. Any such investigation shall be performed under the guidelines of appropriate county policies and Mississippi Statutes.

<u>Legal Action</u>

The Professional Standards Unit may investigate any pending legal action against the department or it's employees. Upon receipt of such information, a case file will be established which will contain all pertinent information on the action and any request for information.

E.  Shift Supervisor Area of Responsibility

The appropriate immediate supervisor will investigate complaints of less serious violations. This assignment shall not relieve the Professional Standards Unit from lending assistance when requested or monitoring the investigation.

The Supervisor receiving an external complaint or filing an internal complaint is responsible for preserving evidence to include taking documentary photographs when practical and possible. The Supervisor shall take photographs of complainants in all excessive force complaints even if injuries are not visibly present.

General Order #65 - October  1, 2002                                    2

F.  Complaints:

·   *All external complaints will be documented on a Citizen Complaint Form.*
    **Complaints may be received in a variety of ways including, but not
    limited to: (a) in person (b) by mail (c) telephone (d) email (e) third party**
    *Anonymous complaints are investigated, but have limitations caused by the
    inaccessibility of the complainant.*

Procedure for Citizen Inquiry

**A citizen alleging misconduct on the part of any employee shall be
directed to the supervisor on duty regardless of the time of day.  The
supervisor may be able to resolve the complaint without the assistance
of the Professional Standards Unit.  Many complaints of alleged
misconduct can be handled by the Shift Commander or a supervisor,
provided it is done in a professional and timely manner.  Unless the
complaint involves gross misconduct or a criminal violation, the Shift
Commander or supervisor should make every attempt to resolve the
matter without involving the Professional Standards Unit.**

**If the shift supervisor cannot resolve the complaint satisfactorily or there
is an allegation of a criminal nature, the shift supervisor shall complete
the Citizen Complaint Report and forward this form to the Professional
Standards Unit without delay.**

**In the event a citizen directly contacts the Professional Standards Unit
when initially registering the complaint, the Professional Standards Unit
will be responsible for referring the complaint to the affected supervisor
or completing the Citizen's Complaint Report and other necessary
documentation.**

Traffic Citations/ Arrests

**Complaints relative to differences of opinion between an officer and a
citizen over the issuance of a traffic citation or regarding guilt or
innocence subsequent to an arrest, shall not be investigated by the
Professional Standards Unit, but will be properly handled by the judicial
system.**

G.  Use of Citizen Complaint Report

    1.  **Personnel receiving the complaint shall have the citizen sign the
        Citizen Complaint Report in their presence.  The substance of the
        complaint shall be documented in the appropriate section of this form.**

General Order #65 - October 1, 2002                                          3

    2.  Under no circumstances shall the Citizen Complaint Report be used as a means to threaten, intimidate, harass or discourage a citizen from making a complaint.

    3.  Should the citizen refuse to sign the complaint report, the receiving supervisor shall complete the report and document the refusal to sign. A memorandum concerning the allegations shall also be made. The report shall be signed in the space provided for supervisor receiving the complaint. The completed report shall be forwarded to the Professional Standards Unit without delay.

H.  Internal Complaint Procedure

In furtherance of the intent of this policy, any employee may submit a written statement, documenting employee misconduct, directly to the Professional Standards Unit which shall process the complaint in accordance with this general order.

I.  Written Counseling Form

Written Counseling Forms shall be utilized to document an employee's unsatisfactory performance or to document an incident involving employees. Written Counseling Forms in some cases shall serve as a written consultation. A copy of all the internal complaints or incidents shall be forwarded to the Professional Standards Unit.

If the supervisor believes the complaint, either external or internal, is of such a serious nature that it requires immediate attention, or he needs assistance, he shall contact the Sheriff or the appropriate Director within his chain of command, who shall determine if the complaint requires immediate assistance or the assignment of personnel from the Professional Standards Unit. If the appropriate Director deems that the complaint should be investigated by the Professional Standards Unit, the Director shall make the request to the Sheriff.

J.  Initial Investigation Procedures

    1.  Upon receipt of the documentation and approval of the Sheriff, the Professional Standards Unit shall determine which general order(s), policies or statutes were violated.

    2.  Should a formal investigation be ordered, an *Initial Notice of Inquiry Report* shall be drafted and forwarded to the affected employee through the chain of command, except under the following circumstances:

        (a)  The alleged violation is ongoing.

        (b)  The investigation possibly would be compromised by the release of the information.

General Order #65 - October 1, 2002                                4

3. Garrity warnings shall be given to employees and signed prior to all formal interviews whereby the possibility of criminal conduct may be alleged. When there is no criminal conduct alleged, employees interviewed by the Professional Standards Unit will be advised of the authority of the investigation as well as requirements of complete truthfulness and candor. This will be documented on an audio recording tape.

K. Classification of Allegations

The Professional Standards Unit investigator shall, in the Internal Investigative Report, recommend 1 of the following 5 classifications:

1. Unfounded- the allegation is false or not factual.

2. Exonerated- the incident occurred, but was lawful and proper.

3. Not Sustained- there was insufficient evidence to prove or disprove the allegation.

4. Sustained- the allegation is supported by a preponderance of evidence to justify a reasonable conclusion that the incident did occur.

5. Policy Failure- the policy was not specific or did not cover this incident.

L. Internal Investigations

1. Internal Complaints will be assigned an IA# by the Professional Standards Unit OIC.

2. The complaint will then be assigned to a Professional Standards Unit Investigator by the OIC.

Each internal investigative report will contain:

1. The general order(s) violated.
2. The details in chronological order, addressing each point of accusation.
3. A synopsis of each witness statement.
4. Mitigating circumstances, if appropriate.
5.  Recommended classification of the allegations

M. Case File Preparation:

*Unless special circumstances occur, all internal investigations must be completed within thirty days. An extension may be given by the Professional Standards Unit OIC or the Sheriff.*

General Order #65 - October 1, 2002                                    5