UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM DAVID SEAL                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:08CV175-LG-RHW

HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
GEORGE PAYNE; WAYNE PAYNE; DIANE GASTON RILEY;
STEVE CAMPBELL; RICK GASTON; RYAN TEEL,
PRESTON WILLS, CORRECTIONS OFFICERS JOHN
DOES 1-2; AMERICAN CORRECTIONS ASSOCIATION;
JAMES A. GONDLES, JR.; AMERICAN CORRECTIONS
ASSOCIATION EMPLOYEES JOHN AND/OR JANE
DOES 1-3,; HEALTH ASSURANCE LLC; HEALTH
ASSURANCE, LLC EMPLOYEES JOHN AND/OR JANE
DOES 1-2                                                                                     DEFENDANTS

STATE OF MISSISSIPPI
COUNTY OF HARRISON

### AFFIDAVIT OF GIBRAN WERBY

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority in and for the County and State aforesaid, the within named, GIBRAN WERBY, who, after first being duly sworn by me on his oath, did depose and state the following:

1.  My name is GIBRAN WERBY, and I am over the age of twenty-one (21) years. I was a Task Force Agent with the Federal Bureau of Investigations beginning in 2003 until 2006, I was also an investigator with the Professional Standards unit at the Harrison County Sheriff's Department from 2001 to 2003. During the relevant time period the Harrison County Adult Detention Center was suffering from loss of personnel, electricity, water and was operating on a very limited number of staff due


EXHIBIT B

to Hurricane Katrina. As a Task Force Agent with the Federal Bureau of Investigations, I was given a month off from my normal duties with the Federal Bureau of Investigations, at which time I was contacted by the Harrison County Sheriff's Department to assist in some investigations at the Harrison County Adult Detention Center. I have personal knowledge of the matters and facts contained in this Affidavit and I am competent to testify to the matters stated herein.

2. When assisting the Professional Standards unit at the Harrison County Adult Detention Center, I was charged with the primary responsibility of investigating the complaints of alleged employee misconduct and complaints of excessive use of force by Harrison County Sheriff's Department officers. If the alleged incident occurred in the Harrison County Adult Detention Center booking department, my usual and customary practice would be to view surveillance recordings of the booking room at the applicable time.

3. On September 19, 2005, Harrison County Professional Standards OIC, Captain Steve Campbell, at the direction of Sheriff George Payne, Jr., instructed myself to investigate the emailed complaint of William David Seal. As part of my investigation, I interviewed a nurse, booking officers, examined documentation and reports, and viewed the digital recordings of the booking procedure on Seal.

4. Specifically, on September 27, 2005, myself along with Captain Campbell viewed the digital recordings and the video clearly showed Seal moving his left hand from the booking desk and attempting to strike booking deputy Morgan Thompson and thus causing deputy Wills to use a defensive tactic to gain compliance of Seal and restrain him on the ground and cuff him.

5. Upon completion of my investigation, I concluded that Seal was continuously disorderly to booking deputies during the booking procedure and that he attempted to strike a booking deputy. I also concluded that booking deputies used force to restrain Seal and followed procedures as outlined in the Policies and Procedures. Therefore, I concluded William David Seal's complaint of the alleged use of excessive force was unfounded along with his other allegations.

6. I do not have a copy of this digital recording nor did I ever receive a copy of this digital recording.

7. Upon conclusion of my investigation, I have no knowledge of what happened to the recording of Mr. Seal's booking at the Harrison County Adult Detention Center.

8. Pursuant to General Order #65, I maintained files of all my internal investigations. I have attached hereto as **Exhibit "1"** relevant portions of the investigative file of case number IA2005-25, which involve the investigation into Plaintiff's booking at the Harrison County Adult Detention Center, and specifically the conduct of Deputy Thompson and Deputy Wills, **Exhibit "1"** is the Internal Affairs Report dated September 27, 2005.

I certify the above declaration is true and correct under penalty of perjury.

_____
Affiant/Gibran Werby
Harrison County, Mississippi

Sworn to and subscribed before me on this the 25th day of September, 2009.

_____
Notary Public

My Commission Expires: *Sept. 18, 2012*

(SEAL)