STATE OF MISSISSIPPI

COUNTY OF HARRISON

### AFFIDAVIT OF KEVIN FAYARD

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority in and for the County and State aforesaid, the within named, KEVIN FAYARD, who, after first being duly sworn by me on his oath, did depose and state the following:

1. My name is KEVIN FAYARD , and I am over the age of twenty-one (21) years. I am a Lieutenant with the Harrison County Sheriff's Office and I currently hold the position as Lieutenant for the Professional Standards Unit for the Harrison County Adult Detention Center. I have personal knowledge of the matters and facts contained in this Affidavit and I am competent to testify to the matters stated herein.

2. I was assigned the position as director of the Professional Standards unit in 2007, at which time I was given the office and the computer equipment that former Captain Steve Campbell used that was in the possession of the Harrison County Sheriff's Office.

3. Upon my assignment to the Professional Standards unit I received PC1 (Dell Optiplex, Model #GX620, Serial # 4KX3YB1) from Darwin McMahan, which was formerly Steve Campbell's desktop computer, located in the Professional Standards Unit Director's office. This desktop computer (PC1) was utilized for writing reports, accessing jail records, and conducting research with internet access. PC1 had no link to the video servers and was not used for any video surveillance related purposes.

Page 1 of 4



4. PC1 was purchased on October 18, 2006, from GKR Systems, Inc. for the amount of $1,119.00.

5. The second desktop computer PC2 (Gateway, Model # MFATXSTL ELP 500C, Serial # 0025623850, Mfg. Date 12/11/01) located in the Professional Standards Unit Director's office was utilized as a digital/video server access computer. PC2 was directly linked to the video server network in order to review recorded surveillance video images without having to go downstairs to the actual servers that recorded images from surveillance cameras mounted inside and outside of the Adult Detention Center. When viewing recorded images maintained on the video servers, programs installed on PC2 would instruct the server to access user specified recorded images and allow them to be viewed on the monitor of PC2. PC2 also allowed the recording of images stored on the server to Recordable Compact Disk [CD-R]. Prior to recording images to CD-R, the programs installed on PC2 would cache all requested video data into a temporary file on its hard disk drive [HDD] and from that cached image, would create the CD-R. Video images cached to the temporary file would eventually be overwritten by new data cached to the HDD of PC2. I believe it was possible to store a video in a permanent file on this PC2, but I never elected to do so, nor am I aware if this was ever done by Steve Campbell, opting instead to save recorded images obtained from the server directly to CD-R. In or about June or July of 2009, upon being advised that all video servers to which PC2 was connected were no longer in service, I requested that our IT Department remove it from my office and erase its HDD prior to reissuing it to another Division or placing it for sale at auction. It was, and is, the standard operating procedure of myself, Lieutenant Kevin Fayard,

to "wipe" and erase the hard drive of any computer containing confidential materials that is removed from service that may be sold at public auction, transferred to another department, or donated to another entity in order to prevent possible disclosure of confidential information to unauthorized parties. Therefore, if Steve Campbell ever elected to store a video in a permanent file on this computer, it no longer exists due to the overwriting by IT. Since Steve Campbell had been on Administrative Leave before I succeeded him as Director of Professional Standards on October 1, 2007, and since I always burn a CD to save videos, I assumed that anything of interest or relevant would have been retrieved at least two years before I took over and saved on DVD and therefore did not ever look at the information on PC2 before it was erased.

**History of Video Servers**

7. Server 1(Kollector, ViCon, Model # KOL4045, Serial # 20609) was a video server located in the Electrical Room [#91] located beneath the Central Control Room of the Harrison County Adult Detention Center.

8. Server 2 (Kollector, ViCon, Model #KOL4045, Serial #20396) was a video server located in the Electrical Room [#91] located beneath the Central Control Room of the Harrison County Adult Detention Center.

9. Server 3 (Pelco, DX8016 1000DVD) was a video server located in the Electrical Room [#91] located beneath the Central Control Room of the Harrison County Adult Detention Center.

10. An Order from the Harrison County Board of Supervisors was approved on April 3, 2006 for the purchase of the Pelco DX8016 1000DVD from the low quote submitted by EEC Communication, Fire & Safety in the total amount of $9,100.88 payable

from 029-251-681 (Forfeiture). (This replaces the defective video system at the jail).

11. Server 1, Server 2, and Server 3 were all servers which were utilized to retain video footage of the Harrison County Adult Detention Center. I was made aware in or about June or July of 2009 that these servers were no longer in service.

12. As relayed in my previous affidavit, there is no remaining digital/video recordings left from the time frame of the alleged incident on the applicable servers. The servers would only store files to a certain capacity and then automatically rewrite over the older files to provide room to store new information.

### Desk Top

13. As it relates to Steve Campbell's personal computer, and as relayed in my previous affidavit, I transferred all of the information stored by Steve Campbell to a backup file in order to set up the computer for the files and investigations I was now responsible for. I have reviewed this backup file and there does not exits any surveillance videos that relate to this civil action.

14. Therefore, I have not located any digital recordings on any of these devices for the time frame of this alleged incident.

15. I certify the above declaration is true and correct under penalty of perjury.

_____
Affiant/Lt. Kevin Payard
Harrison County, Mississippi

Sworn to and subscribed before me on this the 20th day of November, 2009.

_____
Notary Public

My Commission Expires:
July 31, 2012
(SEAL)

Page 4 of 4