# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED

AUG 0 1 2007

BY _____ J.T. NOBLIN, CLERK
                                    DEPUTY

UNITED STATES OF AMERICA        )
                                )
            v.                  )
                                )
KARL WALTER STOLZE              )

## PLEA AGREEMENT

Karl Walter Stolze, the Defendant, and his attorney, Arthur D. Carlisle, have been notified that:

1.  **Defendants Obligations**

    If the Defendant waives indictment and tenders a plea of guilty to a one count criminal information to be filed in this case, charging his with the felony crime of *Conspiracy to Deprive Rights Under Color of Law*, in violation of 18 U.S.C. § 241, and if he fully cooperates with federal and state law enforcement, as well as, the Criminal Section of the United States Department of Justice, Civil Rights Division and the United States Attorney for the Southern District of Mississippi ("Government") and with the District Attorney for the Second Circuit Court District of Mississippi ("District Attorney"), as set out in paragraphs 9 and 10.

2.  **Government's Obligations**

    a)  Thereafter, the Government will recommend that the Court: (i) accept the Defendant's plea of guilty; (ii) recommend that the Court impose a sentence within the lower 50% of the applicable Sentencing Guidelines range as computed by the Court; and (iii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the Government deems relevant to sentencing, including the nature and extent of Defendant's cooperation with the Government.

    b)  Following the acceptance of the Defendant's plea of guilty, the Government will dismiss Defendant Stolze from the Superseding Indictment in criminal case number 1:06cr79 currently pending before this Court.

    c)  The Defendant has timely notified the Government of his intent to enter a plea of guilty. If the Defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), and if the Defendant's offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is a level 16 or greater, the Government will move for an additional one-level decrease in the guidelines in accordance with U.S.S.G. § 3E1.1(b).

    d)  Should the Government determine that Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution, and has fully complied with the understandings specified in this Agreement, then the Government may submit a motion pursuant to United States Sentencing Guidelines

3

("U.S.S.G.") § 5K1.1 (and Title 18, United States Code, Section 3553(e), if applicable), requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5). The determination as to whether Defendant has provided such substantial assistance shall rest solely with the Government. Should any investigation in which Defendant offers information be incomplete at the time of his sentencing, the Government may, in lieu of a downward departure at sentencing, move for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at such time as the cooperation is complete. It is understood that, even if such a motion is filed, the sentence to be imposed on Defendant remains within the sole discretion of the Court.

3.    **Count of Conviction**
It is understood that, as of the date of this Plea Agreement, the Defendant and his attorney have indicated that the Defendant desires to plead guilty to Count One of the Information.

4.    **Sentence**
The Defendant understands that the penalty for the offense charged in Count 1 of the Information, charging a violation of Title 18, United States Code, Section 241, is a term of imprisonment not to exceed ten (10) years; a term of supervised release of not less than three (3) years; and a fine of up to $250,000. The Defendant further understands that a term of supervised release will be imposed and that the term will be in addition to any prison sentence he receives; further, if any of the terms of supervised release are violated, the Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to the Defendant's violation of those conditions. It is further understood that the Court may require the Defendant to pay restitution in this matter in accordance with applicable law. The Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which is not limited to the count of conviction.

5.    **Stipulation**
The Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the Information. In pleading guilty, the Defendant admits and stipulates to the following facts that establish his guilt beyond a reasonable doubt:

Karl Walter Stolze a Harrison County Sheriff's Department Corrections Officer who worked the Harrison County Adult Detention Center ("Jail"). Stolze worked at the Jail from on or about August 1, 2003 to September 28, 2006. Stolze worked in the Jail's Booking area from on or about December 2003 through September 28, 2006. While assigned to the Booking area, Stolze was under the supervision of Captain James Ricky Gaston.

While he was employed at the Jail and acting under color of law, Stolze conspired with other employees at the Jail, also acting under color of law, to injure, threaten, and intimidate inmates at the Jail by willfully using excessive and unnecessary physical force against those inmates. The conspiracy began on a date uncertain before December 2003, and continued through at least January 28, 2006.

Stolze and his co-conspirators engaged in a pattern of conduct that included, but was not limited to, Stolze and other officers assaulting inmates, knowing that the physical force was

2



unnecessary, unreasonable, and unjustified. During the conspiracy, Stolze participated in several assaults against inmates.

Stozle observed co-conspirators and other corrections officers participate in numerous additional assaults against inmates at the Jail. Stolze also heard co-conspirators and other corrections officers boasting about their participation in willful and intentional uses of excessive force.

In addition, Stolze conspired with other officers to conceal these instances of physical abuse of inmates. Stolze, co-conspirators, and other corrections officers attempted to, and did in fact, conceal their abusive conduct by failing to document their excessive uses of force, and by giving false statements and writing false, vague, and misleading reports.

The information contained in this Stipulation is provided solely to assist the Court in determining whether a factual basis exists for the Defendant's plea of guilty. The Stipulation does not contain every fact known to the Defendant and to the Government concerning the Defendant's and/or other's involvement in the offense conduct and other matters.

6.    **Forfeitures**
       None.

7.    **This Plea Agreement does NOT Bind the Court**
       It is further understood that the Court, in accord with the principles of Rules 11(c)(1)(B) of the Federal Rules of Criminal Procedure, is not required to accept the recommendation of the Government, but may sentence the Defendant to the maximum fine and imprisonment as provided by law, and the Government has no other obligation in regard to sentencing than as stated in paragraph 2.

8.    **Determination of Sentencing Guidelines**
       It is further understood that the United States Sentencing Guidelines are advisory and that the Defendant and the Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. The Defendant acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering his plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

9.    **Willingness to Cooperate**
       It is further understood and specifically acknowledged by the Defendant that the consideration for the action taken by the Government herein is the Defendant's representation, by execution of this Plea Agreement and otherwise, that the Defendant both can and will carry out the terms and conditions contained herein.

10.   **Terms of Cooperation**
       It is further understood that full cooperation referred to in paragraph 1 includes:
       a)    immediate and truthful disclosure of all matters involved in this charge to the appropriate federal and state agents;

b)   truthful and complete disclosure of other matters involving possible violations of federal law to the appropriate federal or state agency as directed by the Government;

c)   truthful testimony at any trial involving any matter arising from these charges, in federal or state court;

d)   truthful testimony before any Grand Jury or at any trial in this or any other district on any matter about which the Defendant has knowledge and which is deemed pertinent to the Government;

e)   full and truthful cooperation with the Government, with any law enforcement agency designated by the Government, and/or the District Attorney's office;

f)   attendance at all meetings at which the U.S. Attorney or the District Attorney requests his presence;

g)   provision to the Government, upon request, of any document, record, or other tangible evidence relating to matters about which the Government, any designated law enforcement agency, and/or the District Attorney inquires of him; and

h)   an obligation on the part of the Defendant to commit no further crimes whatsoever.

11.   **Limits on Further Prosecution**

It is further understood that the Government and the District Attorney will seek no further criminal prosecution of the Defendant for any acts or conduct by the Defendant as of the date of this Agreement, arising out of any event covered by the Information referenced in paragraph 1, if the Defendant voluntarily, truthfully, and completely discloses all information and knowledge that the Defendant possesses. Should the Defendant not voluntarily and completely disclose, then as to that matter, the Government and/or the District Attorney is free to seek prosecution of the Defendant. This Plea Agreement does not provide any protection against prosecution for any crimes except as set forth above.

12.   **Breach of this Agreement**

It is further understood that should the Defendant fail or refuse as to any part of this Plea Agreement or commit any other crimes, the representations by the United States or the District Attorney in paragraphs 2 and 11 above are rescinded, and the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions that the Government or the District Attorney has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

If the Defendant fails to fulfill his obligations under this Plea Agreement, the United States may seek release from any or all obligations under this Plea Agreement. If the Defendant fails to fulfill his obligations under this Plea Agreement, the Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement or any leads derived therefore, should be suppressed or are inadmissible. Whether the Defendant has breached any provision of this Plea Agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding at which the Defendant's disclosures and documentary evidence shall be admissible and at which the United States shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

13.  <u>Binding Effect on this Federal District or Upon the District Attorney</u>

It is further understood that this Plea Agreement does not bind any other state or local prosecuting authorities or any other federal district, except as otherwise provided herein; further, this Plea Agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

14.  <u>Financial Obligations</u>

It is further understood and specifically agreed to by the Defendant that, at the time of the execution of this document or at the time his plea is entered, the Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, § 3013, to the Office of the United States District Court Clerk; the Defendant shall thereafter produce proof of payment to the Government or to the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time of the plea is waived, but the Defendant agrees that it may be made payable first from any funds available to the Defendant while he is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in § 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation upon the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs his participation or imposes a schedule of payments.

15.  <u>Further Crimes</u>

It is further understood that should the Defendant commit any further crimes, this Plea Agreement shall be deemed violated and he shall be subject to prosecution for any federal or state criminal violation of which the Government has knowledge, and that any information provided by him may be used against him.

16.  <u>Waivers</u>

The Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to a trial by jury, to subpoena witnesses on his own behalf, to confront any witnesses against him, and to appeal his conviction and sentence, in exchange for the recommendations and concessions made by the Government or the District Attorney in this Plea Agreement, hereby expressly waives the above rights and the following:

    a.    The right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, § 3742, on any ground, provided the sentence does not exceed the maximum sentence allowed by the statute; and

    b.    The right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, § 2255, and any type of

proceeding claiming to double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case; and

c.      Any right to seek attorney's fees and/or costs under the *Hyde Amendment*, as codified at Title 18, United States Code, § 306A, and the Defendant acknowledges that the Government's position in the instant prosecution is not merely frivolous, vexatious, or undertaken in bad faith; and

d.      All rights, whether asserted directly or through a representative, to request or receive any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or his representative under the Freedom of Information Act, set forth at Title 5, United States Code, § 552, or the Privacy Act of 1974, at Title 5, United States Code, § 552a.

e.      The Defendant further acknowledges and agrees that any factual issues regarding his sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and the Defendant waives any right to a jury determination of these sentencing issues. The Defendant further agrees that, in making its sentencing decision, the District Court may consider any relevant evidence without regard to its admissibility under the Rules of Evidence applicable at trial.

**The Defendant waives these rights in exchange for the recommendation and concessions made by the Government and the District Attorney in this Plea Agreement.**

### 17.  Future Contact with the Defendant

The Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment, or any combination of these is ordered in the Defendant's case, that this will require regular contact with the Defendant during any period of incarceration, probation, and supervised release. Further, the Defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the Government immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent the Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the Government does not receive any written acknowledgment from defense counsel within two weeks of entry of judgment in this case, the Government will presume that defense counsel no longer represents the Defendant and the Financial Litigation Unit will communicate directly with the Defendant regarding collection of the financial obligations imposed by the Court. The Defendant and his attorney understand and agree that such direct contact with the Defendant shall not be deemed an improper *ex parte* contact with the Defendant if defense counsel fails to notify the Government of any continued legal representation within two weeks after the date of entry of the judgment in this case.

### 18.  Complete Agreement

It is further understood that this Plea Agreement completely reflects all promises, agreements, and conditions made by and among the Government, the District Attorney, and the Defendant.

The Defendant and his Attorney declare that the terms of this Plea Agreement have been:

1. READ TO OR BY HIM;
2. EXPLAINED TO HIM BY HIS ATTORNEY;
3. UNDERSTOOD BY HIM;
4. VOLUNTARILY ACCEPTED BY HIM; and
5. AGREED TO AND ACCEPTED BY HIM.

WITNESS OUR SIGNATURES, as set forth below on July 31, 2007.

FOR THE GOVERNMENT:

_____    _____
Dunn Lampton            Date
United States Attorney
by: *John Meynardie*
Assistant United States Attorney

_____    8.1.07
Lisa M. Krigsten        Date
Counsel to the Assistant Attorney General
Civil Rights Division

_____    7/31/07
John Cotton Richmond     Date
Trial Attorney
Civil Rights Division, Criminal Section

_____    8-1-2007
Cono Caranna            Date
District Attorney
Second Circuit Court District

FOR THE DEFENDANT:

_____    7-31-07
Karl Walter Stolze      Date
Defendant

_____    7-31-07
Arthur D. Carlisle, Esq.    Date
Attorney for Defendant

7

ÂO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ MISSISSIPPI _____

UNITED STATES OF AMERICA

v.

Karl W. Stolze

## JUDGMENT IN A CRIMINAL CASE

Case Number:        08317-043

USM Number:        1:07cr92LG-RHW-001

Arthur Carlisle _____
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s)   1 _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 241 | Conspiracy against rights | 8/1/2007 | 1 |

    The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/5/2007 _____
Date of Imposition of Judgment

s/ Louis Guirola, Jr. _____

Signature of Judge

Louis Guirola, Jr., U.S. District Judge _____
Name and Title of Judge

11/7/2007 _____
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | Judgment — Page __2__ of __6__ |

DEFENDANT:         Karl W. Stolze
CASE NUMBER:    1:07cr92LG-RHW-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

15 months as to Count 1

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____2:00_____ ☐ a.m. ■ p.m. on _____

   ☐   as notified by the United States Marshal.

**OR**

■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or, if not yet designated,
to the United States Marshal

   ■   before 12 p.m. on ____January 14, 2008____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | Judgment—Page | 3 | of | 6 |

DEFENDANT:    Karl W. Stolze
CASE NUMBER:    1:07cr92LG-RHW-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

two years as to Count 1

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:          Karl W. Stolze
CASE NUMBER:        1:07cr92LG-RHW-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall provide the probation officer with access to any requested financial information.

2.  The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:        Karl W. Stolze
CASE NUMBER:      1:07cr92LG-RHW-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ 0 | $ _____ 0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B ' (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:    Karl W. Stolze
CASE NUMBER:    1:07cr92LG-RHW-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ■    Lump sum payment of $ ___100.00___ due immediately, balance due

    ☐    not later than _____ , or
    ☐    in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA            )
                                    )
v.                                  )            *1:06 Cr /37 LG-JMR*
                                    )
THOMAS PRESTON WILLS                )

<u>PLEA AGREEMENT</u>

Thomas Preston Wills, the Defendant, and his attorney, David C. Morrison, have been notified that:

1.    <u>Defendants Obligations</u>

If the Defendant waives indictment and tenders a plea of guilty to a one count Criminal Information to be filed in this case, charging him with the felony crime of *Conspiracy to Deprive Rights Under Color of Law*, in violation of 18 U.S.C. § 241, and if he fully cooperates with federal and state law enforcement, as well as, the Criminal Section of the U.S. Department of Justice, Civil Rights Division and the United States Attorney for the Southern District of Mississippi ("Government") and with the District Attorney for the Second Circuit Court District of Mississippi ("District Attorney"), as set out in paragraphs 9 and 10.

2.    <u>Government's Obligations</u>

   a)    Thereafter, the Government will recommend that the Court: (i) accept the Defendant's plea of guilty; and (ii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the Government deems relevant to sentencing, including the nature and extent of Defendant's cooperation with the Government.

   b)    The Defendant has timely notified the Government of his intent to enter a plea of guilty. If the Defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), and if the Defendant's offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is a level 16 or greater, the Government will move for an additional one-level decrease in the guidelines in accordance with U.S.S.G. § 3E1.1(b).

   c)    Should the Government determine that Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution, and has fully complied with the understandings specified in this Agreement, then the government may submit a motion pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 (and Title 18, United States Code, Section 3553(e), if applicable), requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5). The determination as to whether Defendant has provided such substantial assistance shall rest solely with the Government. Should

any investigation in which Defendant offers information be incomplete at the time of his sentencing, the Government may, in lieu of a downward departure at sentencing, move for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at such time as the cooperation is complete. It is understood that, even if such a motion is filed, the sentence to be imposed on Defendant remains within the sole discretion of the Court.

3.    Count of Conviction

It is understood that, as of the date of this Plea Agreement, the Defendant and his attorney have indicated that the Defendant desires to plead guilty to Count One of the Information.

4.    Sentence

The Defendant understands that the penalty for the offense charged in Count One of the Information, charging a violation of Title 18, United States Code, Section 241, is a term of imprisonment not to exceed ten (10) years; a term of supervised release of not less than three (3) years; and a fine of up to $250,000. The Defendant further understands that a term of supervised release will be imposed and that the term will be in addition to any prison sentence he receives; further, if any of the terms of supervised release are violated, the Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to the Defendant's violation of those conditions. It is further understood that the Court may require the Defendant to pay restitution in this matter in accordance with applicable law. The Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which is not limited to the count of conviction.

5.    Stipulation

The Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the Information. In pleading guilty, the Defendant admits and stipulates to the following facts that establish his guilt beyond a reasonable doubt:

Thomas Preston Wills is a former Harrison County Sheriff's Department Corrections Officer who worked the Harrison County Adult Detention Center ("Jail"). Wills worked at the Jail from a date unknown in November 2002, through on or about April 6, 2006.

While he was employed at the Jail and acting under color of law, Wills conspired with other employees at the Jail, also acting under color of law, to injure, threaten, and intimidate inmates at the Jail by willfully using excessive physical force against those inmates. The conspiracy began on a date uncertain before November, 2002, and continued through at least April 6, 2006. During his time at the Jail, Wills primarily served as a Booking Officer.

Wills and his co-conspirators engaged in a pattern of conduct that included, but was not limited to, Wills and other officers striking, punching, kicking, choking, and otherwise assaulting inmates, knowing that the physical force was unnecessary, unreasonable, and unjustified.

2

During the conspiracy, Wills participated in over one hundred assaults against inmates. Wills observed co-conspirators and other corrections officers participate in over one hundred additional assaults against inmates at the Jail. Wills also heard co-conspirators and other corrections officers boasting about their participation in willful and intentional uses of excessive force.

In addition, Wills conspired with other officers to conceal these instances of physical abuse of inmates. Wills, co-conspirators, and other corrections officers attempted to, and did, conceal their abusive conduct by failing to document their excessive uses of force, and by giving false statements and writing false, vague, and misleading reports.

Acts committed in furtherance of the conspiracy included the February 4, 2006, assault committed by officers against Jessie Lee Williams, Jr. ("Williams"), an inmate who died after his interaction with the officers. Wills was not on duty or present at the Jail during the Williams assault.

The information contained in this Stipulation is provided solely to assist the Court in determining whether a factual basis exists for the Defendant's plea of guilty. The Stipulation does not contain every fact known to the Defendant and to the Government concerning the Defendant's and/or other's involvement in the offense conduct and other matters.

6.     Forfeitures

None.

7.     This Plea Agreement does NOT Bind the Court

It is further understood that the Court, in accord with the principles of Rules 11(c)(1)(B) of the Federal Rules of Criminal Procedure, is not required to accept the recommendation of the Government, but may sentence the Defendant to the maximum fine and imprisonment as provided by law, and the Government has no other obligation in regard to sentencing than as stated in paragraph 2.

8.     Determination of Sentencing Guidelines

It is further understood that the United States Sentencing Guidelines are advisory and that the Defendant and the Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. The Defendant acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering his plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

9.     Willingness to Cooperate

It is further understood and specifically acknowledged by the Defendant that the consideration for the action taken by the Government herein is the Defendant's representation, by execution of this Plea Agreement and otherwise, that the Defendant both can and will carry out the terms and conditions contained herein.

It is further understood that full cooperation referred to in paragraph 1 includes:

a) immediate and truthful disclosure of all matters involved in this charge to the appropriate federal and state agents;

b) truthful and complete disclosure of other matters involving possible violations of federal law to the appropriate federal or state agency as directed by the Government;

c) truthful testimony at any trial involving any matter arising from these charges, in federal or state court;

d) truthful testimony before any Grand Jury or at any trial in this or any other district on any matter about which the Defendant has knowledge and which is deemed pertinent to the Government;

e) full and truthful cooperation with the Government, with any law enforcement agency designated by the Government, and/or the District Attorney's office;

f) attendance at all meetings at which the U.S. Attorney or the District Attorney requests his presence;

(g) provision to the Government, upon request, of any document, record, or other tangible evidence relating to matters about which the Government, any designated law enforcement agency, and/or the District Attorney inquires of him; and

(h) an obligation on the part of the Defendant to commit no further crimes whatsoever.

11. <u>Limits on Further Prosecution</u>

It is further understood that the Government and the District Attorney will seek no further criminal prosecution of the Defendant for any acts or conduct by the Defendant as of the date of this Agreement, arising out of any event covered by the Information referenced in paragraph 1, if the Defendant voluntarily, truthfully, and completely discloses all information and knowledge that the Defendant possesses. Should the Defendant not voluntarily and completely disclose, then as to that matter, the Government and/or the District Attorney is free to seek prosecution of the Defendant. This Plea Agreement does not provide any protection against prosecution for any crimes except as set forth above.

12. <u>Breach of this Agreement</u>

It is further understood that should the Defendant fail or refuse as to any part of this Plea Agreement or commit any other crimes, the representations by the United States or the District Attorney in paragraphs 2 and 11 above are rescinded, and the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions that the Government or the District Attorney has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

If the Defendant fails to fulfill his obligations under this Plea Agreement, the United States may seek release from any or all obligations under this Plea Agreement. If the Defendant fails to fulfill his obligations under this Plea Agreement, the Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement or any leads derived therefore, should be suppressed or are

inadmissible. Whether the Defendant has breached any provision of this Plea Agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding at which the Defendant's disclosures and documentary evidence shall be admissible and at which the United States shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

13.    <u>Binding Effect on this Federal District or Upon the District Attorney</u>

It is further understood that this Plea Agreement does not bind any other state or local prosecuting authorities or any other federal district, except as otherwise provided herein; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

14.    <u>Financial Obligations</u>

It is further understood and specifically agreed to by the Defendant that, at the time of the execution of this document or at the time his plea is entered, the Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, § 3013, to the Office of the United States District Court Clerk; the Defendant shall thereafter produce proof of payment to the Government or to the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time of the plea is waived, but the Defendant agrees that it may be made payable first from any funds available to the Defendant while he is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in § 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation upon the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs his participation or imposes a schedule of payments.

15.    <u>Further Crimes</u>

It is further understood that should the Defendant commit any further crimes, this Plea Agreement shall be deemed violated and he shall be subject to prosecution for any federal or state criminal violation of which the Government has knowledge, and that any information provided by him may be used against him.

16.    <u>Waivers</u>

The Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to a trial by jury, to subpoena witnesses on his own behalf, to confront any witnesses against him, and to appeal his conviction and sentence, in exchange for the recommendations and concessions made

by the Government or the District Attorney in this Plea Agreement, hereby expressly waives the above rights and the following:

a. The right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, § 3742, on any ground, provided the sentence does not exceed the maximum sentence allowed by the statute; and

b. The right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, § 2255, and any type of proceeding claiming to double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case; and

c. Any right to seek attorney's fees and/or costs under the *Hyde Amendment*, as codified at Title 18, United States Code, § 306A, and the Defendant acknowledges that the Government's position in the instant prosecution is not merely frivolous, vexatious, or undertaken in bad faith; and

d. All rights, whether asserted directly or through a representative, to request or receive any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or his representative under the Freedom of Information Act, set forth at Title 5, United States Code, § 552, or the Privacy Act of 1974, at Title 5, United States Code, § 552a.

e. The Defendant further acknowledges and agrees that any factual issues regarding his sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and the Defendant waives any right to a jury determination of these sentencing issues. The Defendant further agrees that, in making its sentencing decision, the District Court may consider any relevant evidence without regard to its admissibility under the Rules of Evidence applicable at trial.

The Defendant waives these rights in exchange for the recommendation and concessions made by the Government and the District Attorney in this Plea Agreement.

17. Future Contact with the Defendant

The Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment, or any combination of these is ordered in the Defendant's case, that this will require regular contact with the Defendant during any period of incarceration, probation, and supervised release. Further, the Defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the Government immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent the Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the Government does not receive any written acknowledgment from defense counsel within two weeks of entry of judgment in this case, the Government will presume that defense counsel no longer

represents the Defendant and the Financial Litigation Unit will communicate directly with the Defendant regarding collection of the financial obligations imposed by the Court. The Defendant and his attorney understand and agree that such direct contact with the Defendant shall not be deemed an improper *ex parte* contact with the Defendant if defense counsel fails to notify the Government of any continued legal representation within two weeks after the date of entry of the judgment in this case.

18.    Complete Agreement

It is further understood that this Plea Agreement completely reflects all promises, agreements, and conditions made by and among the Government, the District Attorney, and the Defendant.

The Defendant and his Attorney declare that the terms of this Plea Agreement have been:

1.    READ TO OR BY HIM;
2.    EXPLAINED TO HIM BY HIS ATTORNEY;
3.    UNDERSTOOD BY HIM;
4.    VOLUNTARILY ACCEPTED BY HIM; and
5.    AGREED TO AND ACCEPTED BY HIM.

WITNESS OUR SIGNATURES, as set forth below on December 13, 2006.

FOR THE GOVERNMENT:

/s/ Jack Lacy by Jmk                          Date
Dunn Lampton
United States Attorney
by: Jack Brooks Lacy, Jr.
Assistant United States Attorney

Lisa K. Krigsten                              Date
Lisa M. Krigsten
Special Litigation Counsel
Civil Rights Division, Criminal Section

John Cotton Richmond                          Date
John Cotton Richmond
Trial Attorney
Civil Rights Division, Criminal Section

Cono Caranna                                  Date
Cono Caranna
District Attorney
Second Circuit Court District

FOR THE DEFENDANT:

T. P. Wills                                   Date
Thomas Preston Wills
Defendant

David C. Morrison                             Date
David C. Morrison, Esq.
Attorney for Defendant