# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID SEAL | § | PLAINTIFF |
| | § | |
| VERSUS | § | CAUSE NO. 1:08cv175-LG-RHW |
| | § | |
| HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; HARRISON COUNTY SHERIFF GEORGE PAYNE, IN HIS OFFICIAL CAPACITY; CORRECTIONS OFFICER THOMAS PRESTON WILLS, ACTING UNDER COLOR OF STATE LAW; and CORRECTIONS OFFICER MORGAN THOMPSON, ACTING UNDER COLOR OF STATE LAW | § § § § § § § § § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART HARRISON COUNTY'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Harrison County's Motion for Summary Judgment [256]. Plaintiff William David Seal brought this action for the alleged abuse he received while in the custody of the Harrison County Adult Detention Center ("HCADC"). The County argues (1) it has no control over the Sheriff; (2) there was no evidence of force; (3) alternatively, the force was not excessive; (4) he received medical care; and (5) punitive damages are not available. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted as to the Section 1983 punitive damages claim. The remainder is denied.

## FACTS AND PROCEDURAL HISTORY

On September 4, 2005, Seal was arrested by the Gulfport Police Department. As a result of the force used in that arrest, he sustained a laceration. He was taken to the HCADC. While being booked, he repeatedly asked for medical attention for his injury. Defendant Thomas

Preston Wills responded that he would pour some alcohol on it. Seal protested. Wills, Defendant Morgan Thompson, and other officers then took Seal to the ground, handcuffed him, and placed him in a cell. Later, a jail nurse examined his injuries and told officers that he needed to go to the Emergency Room. He was not sent. Later the jail doctor examined Seal and again told officers that he needed to go to the hospital. He was then taken to the hospital.

Seal subsequently filed this lawsuit. He brings claims against the County under Sections 1983 and 1985 for excessive force, denial and delay of medical care, denial of water, covering up the alleged abuse, and conspiracies to use excessive force and to cover up the alleged abuse.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Section 1983

## I. All Claims

The County first argues it is not responsible for the Sheriff's acts and the County cannot be held liable unless the Board of Supervisors themselves violated Seal's rights and set the unconstitutional official policy. The County relies on Mississippi Code Annotated Section 19-25-69.

A claim against the sheriff in his official capacity is treated as a claim against the county, and sheriffs in Mississippi are the final policymakers with respect to all law enforcement decisions made within their counties. *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). Where a plaintiff sues a government official in his official capacity and brings the same claims against that government entity, the former claims are merely duplicative of the latter. *Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Additionally, the Fifth Circuit has noted in *dicta* that a district court erred when it dismissed Harrison County but refused to dismiss the official capacity claim against Sheriff Payne. *Harris v. Payne*, 254 Fed. Appx. 410, 422 (5th Cir. Nov. 19, 2007). Harrison County is liable for Payne's acts as Sheriff, because he is the final policymaker for Harrison County, regardless of the existence of a policy or custom. *Id.*

## II. Excessive Force

Alternatively, the County argues it is not liable on the excessive force claim because there is "no evidence there was an assault to Mr. Seal," and, if there was, the force was not excessive. (County's Mot. Summ. J. at 3). He responds that there is a genuine issue of material fact as to whether he experienced excessive force.

A municipality may be held liable under 42 U.S.C. 1983 when its official policies or

customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to prove Harrison County is liable under Section 1983, Seal must prove (1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The Due Process Clause, applicable to the States via the Fourteenth Amendment, protects a pretrial detainee from excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.11 (1989). The standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). This right is violated if there is (1) more than a de minimis injury, (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). To determine whether the force was excessive, the inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). "Often, of course, there will be no evidence of the detention facility official's subjective intent, and the trier of fact must base its determination on objective factors suggestive of intent." *Id.* Some of these factors would be (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of the forceful response. *Id.* at 1447 n.29.

The County first challenges whether there was an assault. Seal testified that he was charged at by deputies, slammed head first to the ground, choked until he passed out, and had his thumb bent backward. Thus there is a dispute of fact as to whether or not Seal was assaulted.

There is also a genuine dispute of fact as to whether that force was excessive. The County argues it was justified because Seal did not follow lawful orders to stay against the wall. There is no evidence that the force was used because Seal would not stay on the wall. Neither of the alleged assaulting officers gave this as a justification for the use of force, nor did the jail's Internal Affairs investigator give this as a justification for the force. Further, Seal's testimony indicates that the force was out of malice because he repeatedly requested medical attention. Finally, according to Seal, he only stepped one or two steps off the wall, after the deputies charged him. Because there is no evidence to support the County's reason for the use of force, it is not entitled to summary judgment.

### III. DENIAL OF MEDICAL CARE

The County next argues that Seal was given medical treatment. Seal advances both a denial and a delay of medical care claim against the County. The County only addresses the former claim. The County argues this claim fails because Seal was seen by a nurse, doctor, and later the Emergency Room doctor.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care." *Id.* at 104-05. The "plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in

any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "The mere delay of medical care can . . . constitute a . . . violation but only 'if there has been deliberate indifference [that] results in substantial harm.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "Deliberate indifference . . . occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The "official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Easter*, 467 F.3d at 463. In addition, Section 1983 requires a showing of proximate causation, which is evaluated under the common law standard. *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005).

For example, in *Easter*, the plaintiff alleged that "Powell refused to provide any treatment to, and ignored complaints of, a patient suffering from severe chest pain that she knew had a history of cardiac problems. Powell's alleged conduct meets the 'deliberate indifference' threshold." *Easter*, 467 F.3d at 464. In this situation, it was inferrable that Powell knew of the substantial risk of harm. *Id.* at 463. The court further noted that Easter's separate delayed treatment claim failed, because he did not allege that it resulted in serious harm. *Id.* at 464. However, he "clearly stated" a violation regarding his refusal to treat claim for the "severe chest pain he suffered during the period of time Powell refused to treat him." *Id.* at 464-65.

There is evidence that Seal was bleeding from his face and that he repeatedly asked booking room deputies to see a nurse for medical treatment. According to him, the deputies first sarcastically told him they would pour alcohol on it, cursed at him, and then tackled him.

Finally, Seal testified:

> I know a nurse, after my beating, did come to booking, did dress it, did tell the cops, correction officers he needs to go out, which is their lingo for needs to go to Memorial [Hospital], he needs stitches. They said, no transports available. So they refused me medical care, absolutely refused me proper medical care.

(Pl.'s Dep. at 102). This is evidence from which a reasonable jury could find that certain booking room deputies ignored Seal's medical needs.

PUNITIVE DAMAGES

The County requests that the Court dismiss all punitive damages claims against it, both under Section 1983 and 1985. Seal does not respond to this argument.

Punitive damages are not recoverable on Section 1983 claims against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The County is entitled to summary dismissal of the punitive damages claim under Section 1983. It has not shown it is entitled to dismissal of any remaining punitive damages claims.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Harrison County's Motion for Summary Judgment [256] should be and is hereby **GRANTED** as to the Section 1983 punitive damages claim. The remainder is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 18th day of June, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE